NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Trendily Furniture LLC, *et al.*,<br><br>　　　　　　Defendants. | No. CV-17-02712-PHX-JJT<br><br>**ORDER** |

　　　　At issue is Plaintiff's Motion for Preliminary Injunction (Doc. 9).

　　　　IT IS ORDERED that Defendants shall file a Response to Plaintiff's Motion for Preliminary Injunction (Doc. 9) by **August 28, 2017**. Plaintiff shall file any Reply by **September 5, 2017**.

　　　　IT IS FURTHER ORDERED setting a hearing on Plaintiff's Motion for Preliminary Injunction (Doc. 9) on **September 15, 2017, at 9:00 a.m.** before District Judge John J. Tuchi in Courtroom 505, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

　　　　IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Complaint (Doc. 1), the Motion (Doc. 9), and this Order to Defendants as soon as possible, and in any case by the end of the day on **August 17, 2017**. If, after timely service, Defendants fail to file an opposition to the Motion or fail to appear at the hearing, the Court will deem either failure to be Defendants' consent to the Motion for Preliminary Injunction being granted. *See* LRCiv 7.2(i).

IT IS FURTHER ORDERED that the parties shall <u>jointly</u> prepare and file a pre-hearing statement by **September 11, 2017**, setting forth the following information:

### A. COUNSEL FOR THE PARTIES

Include the mailing addresses, office phone numbers and e-mail addresses of counsel who will appear at the hearing.

Plaintiff:

Defendants:

### B. STATEMENT OF JURISDICTION

Cite the statutory bases for this Court's jurisdiction. In addition, state whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.

### C. WITNESSES

No party shall conduct direct examination of witnesses at the Preliminary Injunction hearing, but rather the Court will rely on declarations and affidavits that have been timely served and filed prior to the Preliminary Injunction hearing for direct testimony. However, the opposing party may conduct cross-examination of any witness. Accordingly, in the joint pre-hearing statement, each party shall <u>separately</u> list the names of its witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness.

Additionally, the parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses whose testimony the party will rely on are subpoenaed. Each party further understands that any witness whose testimony is offered to the Court shall be listed on that party's list of witnesses, and that party cannot rely on any witness having been listed or subpoenaed by another party."

**D.     LIST OF EXHIBITS**

The parties shall number exhibits to correspond to the exhibit numbers listed in the joint pre-hearing statement, and the joint pre-hearing statement shall include the following information:

    **1.**     The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

        **a.**     Plaintiff's Exhibits:

        **b.**     Defendants' Exhibits:

    **2.**     As to the following exhibits, the parties have reached the following stipulations:

        **a.**     Plaintiff's Exhibits:

        **b.**     Defendants' Exhibits:

    **3.**     As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

        **a.**     Plaintiff's Exhibits:

(*E.g.*, City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendants object for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

        **b.**     Defendants' Exhibits:

(*E.g.*, Payroll records of Plaintiff's employer that constitute evidence of payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because . . . (the objection must specify why the exhibit is not relevant or material)).

The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this joint pre-hearing statement, any objections not specifically raised herein are waived."

### E. DEPOSITIONS TO BE OFFERED

The parties shall list the deposition transcripts that may be used at the hearing, if any. The portions to be proffered at the hearing shall be identified by page and line number in the joint pre-hearing statement. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each party's highlighting; each party should use a different color.

The parties shall adhere to the following provision and include it in this section of the joint pre-hearing statement: "Each party hereby acknowledges that, by signing this joint pre-hearing statement, any deposition not listed as provided herein will not be allowed, absent good cause."

### F. ESTIMATED LENGTH OF HEARING

The parties shall provide their estimates of hearing length, in hours. Counsel are advised that the Court expects the hearing to take no more than one day.

### G. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Each party shall file <u>separate</u> Proposed Findings of Fact and Conclusions of Law by the same date the joint pre-hearing statement is due. Additionally, Plaintiff shall file a proposed Preliminary Injunction.

Dated this 15th day of August, 2017.

Honorable John J. Tuchi
United States District Judge