Sim Israeloff (admitted pro hac vice)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
sisraeloff@cowlesthompson.com

*Attorneys for Defendants*
*Trendily Furniture, LLC,*
*Trendily Home Collection, LLC, and*
*Rahul Malhotra*

**In the United States District Court**

**For the District of Arizona**

| | |
|---|---|
| Jason Scott Collection Inc., | Case No.: CV-17-02712-PHX-JJT |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| Trendily Furniture LLC, et al., | |
| Defendant | |

Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC and Rahul Malhotra file this Memorandum of Points and Authorities in support of their motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3), Fed. R. Civ. P.

### SUMMARY

Defendants are Texas Limited Liability Corporations and a Texas resident who do not reside in or have businesses in Arizona. None of the accused products was sold or delivered in Arizona, and the Defendants did

not commit any acts in Arizona in violation of Plaintiff's legal rights.  The asserted acts of 'purposeful direction' toward Arizona -- causing alleged damage to an Arizona corporation -- are insufficient to establish personal jurisdiction over the Defendant under *Walden v. Fiore*, 134 S. Ct. 1115, 1124, 188 L. Ed. 2d 12 (2014).  No Defendant has sufficient contacts with Arizona to support personal jurisdiction here.  In any event, the accused product line has been permanently discontinued.  No accused products are being manufactured, shipped, offered for sale, sold, or delivered.

## LEGAL STANDARDS

### Elements of Personal Jurisdiction

1.      The elements and standards applicable to personal jurisdiction are well established.  They have been summarized by this Court as follows, with citations omitted for brevity:

> A federal court must have jurisdiction over the parties to adjudicate a matter.  The party invoking the jurisdiction of the federal court has the burden of establishing that personal jurisdiction exists. Prior to trial, the defendant may move to dismiss the complaint for lack of personal jurisdiction.  When the defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "'obligated to come forward with facts, by affidavit or otherwise,  supporting personal jurisdiction.'"

> There is no statutory method for resolving the question of personal jurisdiction, so "the mode of determination is left to the trial court." Where a court determines that it will receive motions and supporting affidavits to resolve the question of personal jurisdiction, the plaintiff must "only make a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." In determining whether the plaintiff has met its burden, the "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor."

> To establish jurisdiction over the defendant, the plaintiff must show that (1) the state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction comports with constitutional principles of due process.  Under Arizona's long-arm statute, the exercise of personal jurisdiction is allowed to the same extent as the United States

Constitution.  A court in Arizona may exercise personal jurisdiction over a nonresident defendant when doing so comports with constitutional principles of due process.

Constitutional requirements of due process require that the nonresident defendant have certain "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice."  A court may assert general or specific jurisdiction over the nonresident defendant.  General jurisdiction exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic."  A court may exercise specific jurisdiction where the defendant's specific contacts have a substantial connection and give rise to the claim in question.

*Agahi v. Khorrami*, 2016 U.S. Dist. LEXIS 15642, *5-7 (D. Ariz. Feb. 9, 2016)(citations omitted).

Pleading Standards

2.     Allegations of facts pertinent to personal jurisdiction must satisfy the pleading standards of Rule 8, FED. R. CIV. P. and the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Allegations must be more than "labels and conclusions" but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556.  In considering a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

3.     Where there is more than one defendant the averments in the complaint must state "which defendant is liable to the plaintiff for each wrong."  *Fontaine v. Bank of Am., N.A.*, 2017 U.S. App. LEXIS 15543, *2 (9th Cir. Aug. 17, 2017), *citing* Rule 8, Fed. R. Civ. P., and *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

General Jurisdiction

4.     "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman,* 571 U.S. ____, 134 S. Ct. 746, 760 (2014).  The "paradigm forum" for general jurisdiction over an individual is their domicile; for a corporation it is its place of incorporation and principal place of business. *Id.*  "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761 n.19).  *See also Best Odds Corp. v. iBus Media Ltd.*, 655 Fed. Appx. 582, 582-583 (9th Cir. 2016).

Specific Jurisdiction

5.     Two elements are necessary for a finding of specific jurisdiction: (1) the defendant's relationship with the forum must arise out of contacts that the defendant *himself* creates with the forum State and (2) the defendant's contacts must be contacts with the forum State itself, not with persons who reside there. *Walden v. Fiore*, 134 S. Ct. 1115, 1124, 188 L. Ed. 2d 12 (2014).  "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.*, 134 S. Ct. at 1119.  *Pollock v. Colorado*, 2017 U.S. Dist. LEXIS 50445, *6 (D. Ariz. Apr. 3, 2017).

6.     The Ninth Circuit requires that all three of the following requirements be established to find specific jurisdiction:  "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977); *Dirty World LLC v. College Envy LLC*, 2015 U.S.

Dist. LEXIS 179852, *9-11 (D. Ariz. Nov. 9, 2015). The Plaintiff bears the burden to establish the first two prongs. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006), *citing Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004)

7.    To satisfy the first prong of the Ninth Circuit's test, a plaintiff must prove that the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities toward the forum." *Pebble Beach Co., supra.*

8.    Where, as here, a plaintiff asserts that defendant purposely directed activities toward the forum, it must establish that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).

9.    As noted above, the defendant's contacts must be contacts with the forum State itself, not with persons who reside there. *Walden v. Fiore, supra. at* 1124. A defendant's alleged commission of wrongful acts against a plaintiff who is known to reside in a particular state does not constitute "aiming" actions at that state. *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015)("aiming" is not established where the plaintiff's injuries are "entirely personal to him and would follow him wherever he might choose to live or travel."); *Agahi v. Khorrami*, 2016 U.S. Dist. LEXIS 15642, *10-11 (D. Ariz. Feb. 9, 2016); *Dirty World LLC v. College Envy LLC*, 2015 U.S. Dist. LEXIS 179852, *11 (D. Ariz. Nov. 9, 2015).

10.   A passive web site does not constitute "aiming" or render the defendant subject to jurisdiction without further activities directed at the forum state. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1158 (9th Cir. 2006); *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1020 (9th Cir. 2000).

Venue

11.    Venue for copyright actions lies in the district where the defendant or his agent resides or may be found.  28 U.S.C. §1400(a).  The Ninth Circuit holds that this includes a district where the defendant would be amendable to personal jurisdiction as if the district were a separate state.  *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998).  Accordingly, if Defendants are not subject to personal jurisdiction in Arizona, venue is also improper.

12.    The Complaint also asserts venue under 28 U.S.C. § 1391(b) on the basis that a substantial part of the events giving rise to the claims allegedly occurred in this district.  Complaint ¶14.  Defendants respectfully submit that under the teachings of *Walden v. Fiore, supra,* Plaintiff's alleged suffering of an injury in this state does not qualify as an "event" occurring in this State which is relevant to jurisdiction or venue.

## ANALYSIS AND DISCUSSION

No Basis for General Jurisdiction

13.    The Complaint does not assert that any Defendant is subject to general jurisdiction or identify asserted facts that would be sufficient to establish general jurisdiction under the case law cited above.  The facts stated in the Declaration of Rahul Molhotra, discussed below, confirm that no Defendant is subject to general personal jurisdiction in Arizona.

No Legally Sufficient Allegations as to Jurisdiction or Venue

14.    The Complaint impermissibly groups all Defendants under a single name "Trendily" (Complaint p. 1) and asserts jurisdiction and venue on the basis that "Trendily" allegedly transacts business in this state and has caused injury to the Plaintiff in this State.  (Complaint ¶¶12-13).  Such grouping of defendants violates the individualized pleading rule of *Fontaine*, *supra.*  The allegations of

personal jurisdiction and venue (Complaint ¶¶12-14) consist almost entirely of labels and legal conclusions in violation of *Twombly* and *Iqbal*.   Defendants respectfully request that the Court disregard and give no weight to jurisdictional allegations that are insufficient as a matter of law.

The Jurisdictional Allegations Fail the *Fiore* Test

15.     Personal jurisdiction is asserted on the basis of alleged harm to an Arizona corporation from acts committed outside this State.  Complaint ¶¶12-14. As discussed above, the Plaintiff cannot create personal jurisdiction over the Defendant by choosing to live here and allege injuries that are personal and would follow wherever the Plaintiff chose to live or travel.  *Picot, supra.*  Such allegations are wholly insufficient to establish personal jurisdiction over a defendant.  *Fiore, supra.; Agahi, supra; Dirty World LLC, supra..*

The Evidence Rebuts Personal Jurisdiction

16.     Should further evidence be required, the facts contained in the Declaration of Rahul Malhotra conclusively establish that no Defendant resides in or has sufficient jurisdictional contacts with the State of Arizona to be subject to personal jurisdiction here

17.     As evidenced by the Declaration, Rahul Malhotra is a resident of the State of Texas; does not own any real or personal property in Arizona: is not registered or licensed to do business in Arizona; maintains no offices or bank accounts in Arizona; has no registered agent in Arizona; and has never paid or been required to pay, taxes in Arizona.  Malhotra has never personally manufactured, offered for sale, or sold any of the three accused products.  Any activities he undertook in that regard were solely as agent for and on behalf of either Trendily Furniture, LLC or Trendily Home Collection, LLC.  Malhotra has only occasionally visited or passed through Arizona.  He did not attend a Jason Scott event in Scottsdale or hear Mr.

Forsberg speak to the public about his business and story.  Declaration ¶¶ 2-6.

18.     The Declaration evidences that Defendants Trendily Furniture, LLC and Trendily Home Collection, LLC are Texas limited liability corporations whose principle, and only, place of business is in Texas.  Neither Defendant owns any real or personal property in the State of Arizona; is registered or licensed to do business in Arizona; maintains offices or bank accounts in Arizona; has a registered agent in Arizona; or has paid or been required to pay taxes in Arizona.  Declaration ¶¶ 7-8.

19.     The Declaration further evidences that none of the accused products was sold in or through Arizona.  The only remaining unsold pieces are located in Texas.  No further accused products are on order or in shipment to either Texas or Arizona.  The accused product line has been permanently discontinued.  None of the accused products are being offered for sale, sold, or delivered.  All sales and advertising of the accused products has ceased.  No orders for accused products are being accepted.  All production, marketing and sales of the accused products have ceased and there are no plans or desires to restart production.  Declaration ¶¶ 12-15.

20.     Finally, the Declaration confirms that the web site referred to in the complaint provides information about the business and displays photos of the furniture lines offered under the Trendily name, but purchases cannot be made from or through the web site.  Any purchases must be made from retailers that carry Trendily furniture.  Declaration ¶ 17. The web site is passive, not interactive, and is insufficient to constitute the doing of business in Arizona.

Wherefore, Defendants pray that the Court dismiss Plaintiff's claims against Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC and

Rahul Malhotra for lack of personal jurisdiction and improper venue, and for such other and further relief to which they may show themselves to be justly entitled.

DATED this 24th day of August, 2017

By:  /s/ Sim Israeloff
Sim Israeloff (admitted pro hac vice)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
sisraeloff@cowlesthompson.com

*Attorneys for Defendants*
*Trendly Furniture, LLC,*
*Trendly Home Collection, LLC, and*
*Rahul Malhotra*

### CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

***Plaintiff's Counsel:***
Kenneth H. Brendel, Esq.
Thomas E. Dietrich, Esq.
MANGUM, WALL, STOOPS & WARDEN, PLLC
100 N. Elden St.
Flagstaff, AZ  86001
Phone:  928 779-6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

/s/Sim Israeloff
**SIM ISRAELOFF**