Sim Israeloff (admitted pro hac vice)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
sisraeloff@cowlesthompson.com

*Attorneys for Defendants*
*Trendily Furniture, LLC,*
*Trendily Home Collection, LLC, and*
*Rahul Malhotra*

# In the United States District Court

# For the District of Arizona

| | |
|---|---|
| Jason Scott Collection, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Trendily Furniture LLC, et al., <br><br> Defendant | Case No.: CV-17-02712-PHX-JJT <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC and Rahul Malhotra file this Reply in support of their motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue and state as follows:

## SUMMARY

It is undisputed that no Defendant resides in or does business in Arizona and that none of the alleged wrongful conduct occurred in this state. The only legally relevant conduct asserted in support of personal jurisdiction is the alleged intentional infringement of copyrighted products

outside Arizona with knowledge that Plaintiff is based in Arizona, resulting in alleged damage to the Plaintiff.  Such alleged conduct is insufficient to establish personal jurisdiction over the Defendants as a matter of law under the Supreme Court's opinion in *Walden v. Fiore*, the Ninth Circuit's opinion in *Picot v. Weston*, and this Court's opinion in *Agahi v. Khorrami*.

## DEFENDANTS ARE NOT RESIDENTS AND DO NO BUSINESS IN ARIZONA

1. It is undisputed that Defendants are individual or corporate residents of Texas whose principle and only place of business is in Texas. Defendants do not own any real or personal property in Arizona; are not registered or licensed to do business in Arizona; maintain no offices or bank accounts in Arizona; have no registered agent in Arizona; and have never paid or been required to pay taxes in Arizona.  Declaration of Rahul Malhotra (Doc. 12-1) ¶¶ 2-10.

2. It is further undisputed that none of the accused products was sold in Arizona, the accused product line has been permanently discontinued, and none of the accused products are being offered for sale, sold, or delivered to Arizona.  *Id. at* ¶¶ 12-15.  Neither Trendily Furniture, LLC nor Trendily Home Collection, LLC has any ownership, management or control over retailers that purchase their furniture including Extravagance Design in Scottsdale.  *Id.* ¶16; Second Malhotra Dec. (Doc. 17-1) ¶¶ 2-3.

3. Finally, it is undisputed that the web site referred to in the complaint is passive, not interactive, and merely provides information about the business without the ability to make purchases through the site. *Id.* ¶ 17.

## THE PLEADINGS ARE NOT SUFFICIENT

4.  No excuse is offered for Plaintiff's improper pleadings, either as to the conclusory allegations of personal jurisdiction and venue or in improperly grouping all defendants together. Motion ¶14. The only response is a dismissive footnote alleging, without authority, that Mr. Malhotra is subject to personal jurisdiction notwithstanding that his actions were taken only in a representative capacity, and alleging without supporting evidence that Malhotra acted at all times on behalf of both Trendily defendants. Response fn 1. The only evidence attached to the Complaint or any declarations with a specific Defendant's name on them are web pages bearing the name Trendily Home Collection. No legally sufficient allegations or evidence support the assertion of personal jurisdiction over either Mr. Malhotra individually or Trendily Furniture, LLC. *Id.*

## THE ASSERTED CONTACTS WITH ARIZONA ARE IRRELEVANT OR IMMATERIAL

5.  The asserted "Facts Supporting Personal Jurisdiction" consist almost entirely of a description of the alleged intentional infringement of copyrighted products, entirely in Texas. Response p. 2 to p. 4 line 11. Those asserted facts are insufficient to establish personal jurisdiction as discussed below.

6.  Plaintiff claims that Mr. Malhotra told Mr. Forsberg that he had "met Forsberg at an event in Arizona." Response p. 4. Mr. Malhotra denies that he met Mr. Forsberg in Arizona (Malhotra Declaration ¶6). Whichever is correct, meeting someone at an event is not tortious conduct, and a single meeting in Arizona would be immaterial to jurisdiction anyway. "Merely 'random, fortuitous, or attenuated' contacts are not sufficient" to establish minimum contacts with the Plaintiff's home state. *Picot v. Weston,* 780 F.3d 1206,1212 (9th Cir. 2015)(quoting *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

7. Plaintiff's dealings with a Scottsdale furniture store that thought it could buy accused products from a Defendant and sell them to the Plaintiff but never did so (Response p. 4) are irrelevant to jurisdiction. Defendants have no ownership, management or control of that store. Second Malhotra Dec. at ¶¶ 2-3.  And despite Plaintiff's use of deception and a fake name to *invite* Defendants to sell accused products to a customer in Arizona (to manufacture a claim with an arguable basis for personal jurisdiction), the request was rejected.  Malhotra Dec. *at* ¶¶ 3-5.  The episode actually supports Defendants' motion to dismiss because it confirms that no sales were ever made in or to Arizona.

8. Plaintiff argues that the web site of Trendily Home Collection "is accessible in Arizona and displays the Accused Products."  Response p. 11.  But it does not deny that a passive web site does not constitute "aiming" or render a defendant subject to jurisdiction without further activities directed at the forum state itself. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1158 (9th Cir. 2006); *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1020 (9th Cir. 2000).  The only "further activities" asserted are the allegedly intentional infringement of copyrights owned by an Arizona resident, which would be actions directed at the plaintiff not at the State of Arizona.

### THE ASSERTED CONTACTS DO NOT MEET THE REQUIREMENTS OF *FIORE* AND *PICOT*

9. Plaintiff stakes its jurisdictional claim on *Washington Shoe Co., v. A-Z Sporting Goods, Inc.*, 704 F. 3d 668, 673 (9th Cir. 2012), which held that courts have personal jurisdiction over a defendant who "engages

in an intentional act that causes harm in the forum state, even if that act takes place outside of the forum state." Motion pp. 2, 6-9. That part of *Washington Shoe Co.* is no longer the law.

10. In 2014 the Supreme Court clarified the law. It held that two elements are necessary for a finding of specific jurisdiction: (1) the defendant's relationship with the forum must arise out of contacts that the defendant himself creates with the forum State and (2) the defendant's contacts must be contacts with the forum State itself, not with persons who reside there. *Walden v. Fiore*, 134 S. Ct. 1115, 1124, 188 L. Ed. 2d 12 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id., 134 S. Ct. at 1119. *Fiore* prohibits the exercise of personal jurisdiction in this case.

11. Following *Fiore*, and in plain contrast to *Washington Shoe Co.*, the Ninth Circuit held that a Michigan defendant's alleged commission of intentional tortious acts against a plaintiff known to reside in California *did not* establish personal jurisdiction over the defendant in California. *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015).

12. As noted in the principal motion (Doc. 13, ¶9), a recent opinion of this Court considered jurisdictional claims very similar to those asserted by the Plaintiff. The opinion applied the "purposeful direction" analysis used for claims of tortious conduct, just as Plaintiff seeks here. It held that allegations of intentional harm directed at an Arizona resident, like those in the present case, are insufficient to establish personal jurisdiction. The Court's analysis of current law is undeniable:

> The second part of the effects test requires that the defendant's intentional acts be expressly aimed at the forum state. Here, Defendant's actions were expressly aimed at Plaintiff, not Arizona. Plaintiff contends that because she is a resident of Arizona, Defendant's actions were indirectly aimed at Arizona. The fact that Defendant's actions were expressly aimed at Plaintiff while she

51546172.1

> maintained residency in Arizona is not sufficient. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore, 134 S. Ct. 1115, 1125, 188 L. Ed. 2d 12 (2014)*.
>
> … In *Picot v. Weston*, the Ninth Circuit held that a defendant's actions are not aimed at the forum state when the plaintiff's injuries are "entirely personal to him and would follow him wherever he might choose to live or travel." *780 F.3d 1206, 1215 (9th Cir. 2015)*. There, the defendant even traveled to the forum state and negotiated contracts on the phone with someone in the forum state, but the defendant conducted none of the alleged tortious conduct in the forum state. *Id. at 1213*.
>
> Applying the principles from *Walden* and *Picot*, the Court notes that Plaintiff's alleged injuries were a result of Defendant's conduct aimed expressly at her, not at Arizona. Plaintiff's injuries would "follow [her] wherever [she] may choose to live or travel." *Id. at 1215*. …
> Because Plaintiff has not met the first element of the Ninth Circuit's three-part personal jurisdiction framework by failing to show that Defendant's actions were purposefully directed at Arizona, the Court need not analyze the second and third factors of the test. The Court does not have personal jurisdiction over Defendant in this matter and must therefore dismiss this case.

*Agahi v. Khorrami*, 2016 U.S. Dist. LEXIS 15642, *10-11 (D. Ariz. Feb. 9, 2016). For reasons noted above, none of the Defendants are subject to personal jurisdiction in this Court.

## PLAINTIFF'S EFFORTS TO DISTINGUISH CONTROLLING LAW FAIL

13. Plaintiff seeks to distinguish this case from the controlling law by asserting that *Walden* and *Picot* "involved different types of claims and a lack of evidence of a known, intentional impact in the forum." Response p. 10. Plaintiff's descriptions of *Walden* and *Picot* are inaccurate and misleading.

14. *Walden* involved both allegedly intentional conduct, a false affidavit, and a claim that the affidavit was made with knowledge that the Plaintiff had connections with the forum state and would see an impact there. *Walden, supra*. at 1120 and fn. 3.

15. In *Picot*, a California plaintiff, another man and a Michigan defendant built a business together under an oral contract. *Picot, supra*. at 1209. The plaintiff and the other man later executed a contract in California to sell the business. *Id. at* p. 1210. When the defendant threatened to sue if he was not paid a share of the proceeds, the plaintiff sued in California for, among other things, "intentional interference with their [California] sales contract." *Id.* The case thus involves both an intentional tort, a known impact to a resident of the forum, and an additional contact in the form of a contract with a forum resident. Yet even with the additional contact, which is not present here, the defendant was held not subject to personal jurisdiction.

16. More importantly, neither *Walden* nor *Picot* turned on the specific tort that was alleged, or suggested that a different rule would be applied for a claim of intentional copyright infringement. "These same principles apply when intentional torts are involved." *Walden, supra.* at 1123.

17. Plaintiff cites *Calder v. Jones*, 465 U.S. 783 (1984) to argue that alleging an injury to a resident of this forum satisfies the "effects test." Response p. 6. But *Walden* noted that "*Calder* made clear that mere injury to a forum resident is *not* a sufficient connection to the forum." *Walden, supra.* at 1125 (emphasis added).

18. Plaintiff cites *Atkins v. Calypso Sys., Inc.*, No. CV-14-02706, 2015 WL 5856881 (D. Ariz. Oct. 8, 2015) as being more similar to this case than either *Walden* or *Picot*. Not so. *Atkins* found jurisdiction on the

basis of "communications knowingly made to a person presently residing in Arizona" regarding an existing contract between the parties, and the communications constituted torts of fraud and negligent misrepresentation against the plaintiff in Arizona. *Atkins v. Calypso Sys.*, 2015 U.S. Dist. LEXIS 138233, *19-20 (D. Ariz. Oct. 8, 2015). The present case stands in stark contrast. Plaintiff has no contract with any Defendant, received no communications from any Defendant, and bases its claims on actions that took place solely in another state just as in *Walden* and *Picot*.

19. Plaintiff also cites *Aweida Arts, Inc. v. Pure Glass Distrib., Inc.*, 157 F. Supp. 3d 929 (W.D. Wash 2015). *Aweida* neither cites to nor attempts to distinguish *Walden* or *Picot*. An incorrect opinion from another district court is not binding on this Court and cannot control in the face of the clear mandates of the Supreme Court and Ninth Circuit.

20. Most tellingly, Plaintiff offers no response whatsoever to this Court's holding in *Agahi v. Khorrami, supra.,* which correctly applied *Walden* and *Picot* and found that they required the dismissal of a case built on jurisdictional arguments just like this case.

Wherefore, Defendants pray that the Court dismiss Plaintiff's claims against Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC and Rahul Malhotra for lack of personal jurisdiction and improper venue, and for such other and further relief to which they may show themselves to be justly entitled.

DATED this 18th day of September, 2017

> By: /s/ Sim Israeloff
> Sim Israeloff (admitted pro hac vice)
> Texas Bar No. 10435380
> COWLES & THOMPSON, P.C.
> 901 Main Street, Suite 3900
> Dallas, TX 75202
> (214) 672-2000
> (214) 672-2020 (Fax)
> sisraeloff@cowlesthompson.com
>
> *Attorneys for Defendants*
> *Trendily Furniture, LLC,*
> *Trendily Home Collection, LLC, and*
> *Rahul Malhotra*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

***Plaintiff's Counsel:***
Kenneth H. Brendel, Esq.
Thomas E. Dietrich, Esq.
MANGUM, WALL, STOOPS & WARDEN, PLLC
100 N. Elden St.
Flagstaff, AZ  86001
Phone:  928 779-6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

> /s/Sim Israeloff
> **SIM ISRAELOFF**