Sim Israeloff (admitted pro hac vice)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
sisraeloff@cowlesthompson.com

*Attorneys for Defendants*
*Trendily Furniture, LLC,*
*Trendily Home Collection, LLC, and*
*Rahul Malhotra*

# In the United States District Court

# For the District of Arizona

| | |
|---|---|
| Jason Scott Collection Incorporated,<br><br>Plaintiff,<br><br>vs.<br><br>Trendily Furniture LLC, et al.,<br><br>Defendant | Case No.: CV-17-02712-PHX-JJT<br><br>**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC and Rahul Malhotra, subject to and without waiving their pending Motion to Dismiss submit the following proposed findings of fact and conclusions of law:

<u>Proposed Findings of Fact</u>

1)   It is undisputed that Defendants are residents of Texas whose only place of business is in Texas.

2)   It is undisputed that Defendants do not own any real or personal property in Arizona; are not registered or licensed to do business in Arizona; maintain no offices or bank accounts in Arizona; have no registered agent in Arizona; and have never paid or been required to pay taxes in Arizona.

3)   It is undisputed that none of the accused products was sold in Arizona.

4)   The accused product line was permanently discontinued before suit was filed.

5)   No accused product was sold after suit was filed.

6)   Plaintiff attempted, by use of deceit and a fake name, to order accused products from a retail furniture store in Arizona.  Such request was refused, which further supports the testimony that even without an injunction, sales had ceased and no further orders were being accepted prior to this suit being filed.

7)   It is undisputed that none of the accused products are currently being manufactured, offered for sale, sold or delivered.

8)   Defendant avers in sworn declarations that Defendants will not resume production or sales of the accused products pending final resolution of this case without an injunction.  No competent evidence indicates otherwise.

9)   No Defendant has any ownership, management or control over furniture retailers including those whose testimony was submitted by the Plaintiff. Statements and offers by those retailers were not authorized statements or promises by any Defendant.

10)   The web site referred to in the complaint is passive, not interactive, and merely provides information about the business without the ability to make purchases through the site.

11)    Plaintiff alleges that it is likely to suffer irreparable harm in the absence of preliminary relief "each day Trendily continues to make and sell its knockoffs." Motion p. 10. Because Defendants are not now making or selling the alleged knockoffs, and ceased doing so even before the instant lawsuit was filed, Plaintiff is not likely to suffer irreparable harm in the absence of preliminary relief.

12)    Plaintiff alleges irreparable harm in the form of "customer confusion" and "reputational and financial losses." Motion p. 5. The proffered evidence of customer confusion is speculative and inadmissible and insufficient to carry

Plaintiff's burden for a preliminary injunction. There is no competent evidence that the alleged customer confusion has caused actual injury of any kind or that the alleged injury is irreparable.

13) There is no competent evidence that Plaintiff is suffering ongoing reputational injury that can be avoided only through preliminary injunctive relief. Plaintiff's proffered evidence of reputational injury consists of argument and speculation. Any past reputational injury is capable of monetary relief.

14) There is no competent evidence that Plaintiff is suffering ongoing financial losses that can be avoided only through preliminary injunctive relief. By definition financial losses are capable of monetary relief.

15) There is no competent evidence that impoundment of Defendants' allegedly infringing furniture pieces and related records is required to prevent Defendants from selling off or hiding infringing works and destroying records.

## Proposed Conclusions of Law

1) The Court does not have personal jurisdiction over any Defendant.

2) This Court is not the proper venue for this action.

3) To obtain a preliminary injunction, Plaintiff must establish "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.")(emphasis in original)

4) Plaintiff's evidence of irreparable harm falls into the category of evidence found lacking in *Los Angeles Memorial Coliseum Com. v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)("Even if some significant threat of injury be hypothesized, it was neither found nor shown to be irreparable").

5) Plaintiff has an adequate remedy at law.

6) Plaintiff's proposed Exhibits 3 (a, b) and 4 were not timely submitted with Plaintiff's motion for preliminary injunction or with leave of Court and are

inadmissible.  Even if such exhibits were admitted, however, they do not support a contrary result.

7) Plaintiff has not carried its heavy burden of showing that it is likely to suffer irreparable injury in the absence of a preliminary injunction.  Even if the Court had personal jurisdiction and venue were proper, the motion for preliminary injunction must be denied.

DATED this 18th day of October, 2017

By: /s/ Sim Israeloff
Sim Israeloff (admitted pro hac vice)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)
sisraeloff@cowlesthompson.com

*Attorneys for Defendants
Trendily Furniture, LLC,
Trendily Home Collection, LLC, and
Rahul Malhotra*

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 18, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

***Plaintiff's Counsel:***
Kenneth H. Brendel, Esq.
Thomas E. Dietrich, Esq.
MANGUM, WALL, STOOPS & WARDEN, PLLC
100 N. Elden St.
Flagstaff, AZ  86001
Phone:  928 779-6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

              /s/Sim Israeloff
              **SIM ISRAELOFF**