Kenneth H. Brendel (#019003)
Thomas E. Dietrich (#031299)
MANGUM, WALL, STOOPS & WARDEN,
PLLC
100 N. Elden St.
Flagstaff, AZ 86001
Tel. 928.779.6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

*Attorneys for Plaintiff Jason Scott
Collection, Inc.*

Sim Israeloff (*pro hac vice*)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main St., Ste. 3900
Dallas, TX 75202
Tel. 214.672.2131
sisraeloff@cowlesthompson.com

*Attorneys for Defendants Trendily
Furniture, LLC; Trendily Home Collection,
LLC; and Rahul Malhotra*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JASON SCOTT COLLECTION, INC., an Arizona corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRENDILY FURNITURE, LLC, a Texas limited liability company, TRENDILY HOME COLLECTION, LLC, a Texas limited liability company, RAHUL MALHOTRA, an individual, JOHN DOE CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>                    Defendants. | Case No. 2:17-cv-02712-JJT<br><br>**JOINT PRE-HEARING STATEMENT**<br><br><br><br>Hrg. Date: Oct. 25, 2017, 9:00 a.m. |

Plaintiff Jason Scott Collection, Inc. ("Plaintiff") and Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC, and Rahul Malhotra (together, "Defendants") file this Joint Pre-Hearing Statement pursuant to the Court's August 15, 2017, and August 29, 2017, Orders. [Dkts. 10, 18]

/ / /

/ / /

**A.    Counsel for the Parties**

Plaintiff:

Ken Brendel
Tom Dietrich
Mangum, Wall, Stoops & Warden, PLLC
100 N. Elden St.
Flagstaff, AZ 86001
Tel. 928.779.6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

Defendant:

Sim Israeloff
Cowles & Thompson, P.C.
901 Main St., Ste. 3900
Dallas, TX 75202
Tel. 214.672.2131
sisraeloff@cowlesthompson.com

**B.    Statement of Jurisdiction**

Subject matter jurisdiction is not disputed; Plaintiff's claims arise out of the copyright and trademark laws of the United States. Personal jurisdiction is disputed, and Defendants' motion to dismiss on the issue is pending.

**C.    Witnesses**

Each party understands that it is responsible for ensuring that the witnesses whose testimony the party will rely on are subpoenaed. Each party further understands that any witness whose testimony is offered to the Court shall be listed on that party's list of witnesses, and that party cannot rely on any witness having been listed or subpoenaed by another party.

The parties have further agreed that out-of-state witnesses may provide testimony telephonically, if the Court so permits.

/ / /

/ / /

1547631.1

Plaintiff's witnesses:

1.      Jason Forsberg
        c/o Mangum Wall Stoops & Warden, PLLC
        100 N. Elden St.
        Flagstaff, AZ 86001

        Mr. Forsberg will testify as a fact witness. Mr. Forsberg is the sole owner of Plaintiff Jason Scott Collection, Inc. Mr. Forsberg is expected to testify consistently with the declarations he has submitted in this case. This includes (a) his personal knowledge of the knockoff furniture offered by Defendants, (b) conversations with other individuals regarding Defendants' sales and shipments of knockoffs, (c) background and history of Plaintiff and design and development of Plaintiff's original furniture, and (d) financial and reputational harms to Plaintiff from Defendants' offering and selling knockoffs.

2.      Brian Forsberg
        Brian Forsberg Transport
        10879 W. Alvarado Rd.
        Avondale, AZ 85392

        Brian Forsberg will testify as a fact witness. He is expected to testify consistently with the declaration he submitted in support of Plaintiff's motion for preliminary injunction. This includes (a) his personal inspection of Defendants' knockoff furniture, (b) video taken of the knockoffs, and (c) conversations concerning the design and manufacturer of the knockoff pieces.

3.      Shawn Beach
        Calamity Jane's Trading Company
        404 S. Main St.
        Boerne, TX 78006

        Ms. Beach will testify as a fact witness. She is expected to testify consistently with the declaration she submitted in support of Plaintiff's motion for preliminary injunction. This includes (a) conversations with Rahul Malhotra and other representatives of Defendants relating to Defendants' knockoffs, (b) her experience in the furniture industry, (c) uniqueness of Plaintiff's furniture designs, and (d) similarity of appearance of

1547631.1

1    Defendants' knockoffs.

2    4.      Bonita (Bo) Runyon
             Runyon's Fine Furniture
3            500 N. Hwy. 77
             Roanoke, TX 76262
4
             Ms. Runyon will testify as a fact witness. She is expected to testify consistently
5
     with the declarations she submitted in this case. This includes (a) conversations with
6
     Rahul Malhotra and other representatives of Defendants relating to Defendants'
7
     knockoffs, and a recording of one such conversation, (b) her experience in the furniture
8
     industry, (c) uniqueness of Plaintiff's furniture designs, and (d) similarity of appearance of
9
     Defendants' knockoffs.
10
     5.      Claudia LeClair
11           Fiesta Furnishings
             15320 N. Hayden Rd.
12           Scottsdale, AZ 85260

13           Ms. LeClair will testify as a fact witness. She is expected to testify consistently

14   with the declaration she submitted in support of Plaintiff's motion for preliminary

15   injunction. This includes (a) her experience in the furniture industry, (b) history with

16   Plaintiff and uniqueness of Plaintiff's furniture designs, and (c) confusion and harm that

17   can be caused by presence of knockoffs on the market.

18   6.      Larry Brumbaugh
             Brumbaugh's Fine Home Furnishings
19           11651 Camp Bowie W. Blvd.
             Aledo, TX 76008
20
             Mr. Brumbaugh will testify as a fact witness. He is expected to testify consistently
21
     with the declaration he submitted in support of Plaintiff's motion for preliminary
22
     injunction. This includes (a) his experience in the furniture industry, (b) history with
23
     Plaintiff, and (c) uniqueness of Plaintiff's furniture designs and recognition of designs as
24
     originating from Jason Scott.
25
     / / /
26

1547631.1

7.     Bill Holland
       Hill Country Interiors
       1410 North Loop 1604 W
       San Antonio, TX 78248

Mr. Holland will testify as a fact witness. He is expected to testify consistently with the emails he sent to Forsberg relating to meetings and discussions with Defendant Malhotra.

Defendants' witnesses:

1.     Rahul Malhotra
       c/o Sim Israeloff 901 Main Street, Suite 3900
       Dallas, TX 75201

Mr. Malhotra may testify as a fact witness. He is expected to testify consistently with the declaration he submitted in support of Defendants' motion to dismiss and in response to Plaintiffs' motion for preliminary injunction. This includes (a) Defendants did not knowingly or intentionally infringe on Plaintiffs' legally protected rights; (b) Defendants are residents of Texas whose only place of business is in Texas; (c) none of the accused products was sold in Arizona; (d) the accused product line has been permanently discontinued, (e) all production of the accused product line was halted and all sales were discontinued before the lawsuit was filed; (f) none of the accused products are currently being manufactured, offered for sale, sold, or delivered, and production and sales will not resume; (g) Defendants have no ownership, management or control over furniture retailers including those whose statements are offered by the Plaintiff, and retailers have no authority to speak for any Defendant; (h) Chris Sanders and Dara Dykes are self employed freelance sales persons not employees of any Defendant and work in their own individual capacity; (i) their comments on the recorded discussion dated August 15 were not known to or authorized by any Defendant; (j) their statements about MJ furniture still being made, being available for purchase, and about more pieces being in

1547631.1

shipment were incorrect; (k) the shipping containers did not include any MJ furniture; and
(l) Mr. Sanders was instructed to stop selling or offering to sell the MJ collection.

    **D.**    **<u>List of Exhibits</u>**

    **1.**    The following exhibits are identified by the parties:

        **a.**    <u>Plaintiff's Exhibits</u>

            1.  Exhibits to Plaintiff's Complaint (Dkt. 1, Exhibits ("Ex.") 1-9)

                    a.  Photographs of Plaintiff's furniture at issue ("JSC Pieces")

                    b.  Articles regarding Plaintiff

                    c.  Copyright registrations for Iron Star Desk, Borgota Buffet, Sacred Heart Dining Table

                    d.  Screenshots of accused infringing products on Trendily website

                    e.  Photographs of accused products on showroom floor

                    f.  May 24, 2017, cease-and-desist letter to Defendants

                    g.  June 27, 2017, second cease-and-desist letter to Defendants

            2.  Exhibits to Plaintiff's Motion for Preliminary Injunction (Dkt. 9, Exs. 1-4, 5-7)

                    a.  Declaration of Jason Forsberg dated August 9, 2017 ("1st Forsberg Decl.")

                    b.  Emails from Bill Holland (Attachments ("att.") A, B to 1st Forsberg Decl.)

                    c.  Declaration of Claudia LeClair dated July 24, 2017

                    d.  Declaration of Bo Runyon dated July 21, 2017

                    e.  Declaration of Larry Brumbaugh dated August 1, 2017

                    f.  Declaration of Brian Forsberg dated August 5, 2017

                    g.  Declaration of Shawn Beach dated July 28, 2017

1547631.1

1        3.   Exhibits to Plaintiff's Notice of Filing Supplemental Information

2              (Dkt. 23, Exs. 1, 2)

3                   a.   Second Declaration of Bo Runyon

4                   b.   Transcript of sales meeting recording excerpt

5        4.   Audio recording of sales meeting between Calamity Jane's

6              Trading Company staff and Trendily representatives, and excerpt

7              of same.

8        **b.**      Defendants' Exhibits

9        Defendant has not made a final determination of what exhibits it will offer, but lists

10   the following as potential exhibits.

11        1.   Sales Orders for all MJ series furniture sales showing only 15

12              pieces sold, all before suit was filed.

13        2.   Packing Lists for shipping containers showing no MJ furniture

14              was or is in shipment.

15   **2.**      As to the following exhibits, the parties have reached the following

16   stipulations:

17        **a.**      Plaintiff's Exhibits

18        Plaintiff's Exhibits 1(a, b, c, f, g) are admissible.

19        **b.**      Defendants' Exhibits

20        Defendants' Exhibits 1 and 2 are admissible.

21   **3.**      As to the following exhibits, the party against whom the exhibit is to be

22   offered objects to the admission of the exhibit and offers the objection stated below:

23        **a.**      Plaintiff's Exhibits

24        Defendants' Objections:

25        Plaintiff's Exhibits 1(d,e) – Not authenticated; no date.

26        Plaintiff's Exhibits 2 (a-g):

1) Out of court declarations and e mails (Ex. 2a – 2g) are hearsay; Defendant would be denied the opportunity to cross examine the witnesses against it;

2) Reference to an alleged assignment of copyrights (Ex. 2a ¶7) violates the best evidence rule FRE 1002;

3) Reference to out of court statements by Brian Forsberg (Ex. 2a ¶¶ 14-15) are hearsay;

4) Conclusory statements (Ex. 2a ¶18) are speculation, not facts, and are based on hearsay or other matters not shown to be within the witness' personal knowledge.

5) Out of court statements by a saleswoman at a non-party furniture store (Ex. 2a ¶11) are hearsay, and there is no evidence the speaker had personal knowledge or authority to speak for any Defendant.

6) Alleged discussion with Rahul Malhotra (Ex. 2a ¶20).  No evidence that the Declarant knows Mr. Malhotra or can identify him.  Lack of foundation.

7) Out of court statements by Mr. Holland (Ex. 2a ¶¶ 21-23).  Hearsay, lack of foundation that Mr. Holland knows or can identify Mr. Malhotra.

8) Out of court statements by Brian Forsberg, and description of an out-of-court video (Ex. 2a ¶24) are hearsay and lack proper foundation.

9) Out of court statement by Shawn Beach (Ex. 2a ¶¶ 25-26) are hearsay and lack foundation as to the identification of Mr. Malhotra and the alleged identity and authority of the unnamed alleged Malhotra agent.

10) Out of court statements by a retailer in Scottsdale (Ex. 2a ¶27) are hearsay.

1547631.1

11) Alleged sales prices of the accused products (Ex. 2a ¶28) are not shown to be within the declarant's personal knowledge, or are based on hearsay; lack of foundation.

12) Out of court statements by a retailer and alleged harm to reputation and sales  (Ex. 2a ¶29):  Hearsay, speculation, not shown to be within the declarant's personal knowledge, lack of foundation, sales reductions are unsupported by actual data and violate the best evidence rule, qualified statements prefaced with "I am not sure" and "I may need to make concessions" are speculation not fact and are not supported by admissible evidence.

13) Allegations about Plaintiff's inability to reduce pricing, and a "surmise" about Defendants' ability to sell at lower prices (Ex. 2a ¶30):  Hearsay, lack of foundation and evidence regarding Plaintiff's prices and actual cost of production and its markups (the alleged lack of "room to reduce prices"), blatant speculation about Defendants' production and costs.

14) Speculation about Defendants' finishing processes, out of court statements by retailers, and yet more unsupported speculation about loss of sales and injury to reputation (Ex. 2a  ¶31):  Speculation, hearsay, no foundation for personal knowledge, violation of best evidence rule regarding sales data.

15) Unsupported statements about the Plaintiff's size and resources and the request for the bond to be small (Ex. 2a ¶32).  Lack of foundation or supporting evidence for the claim that Jason Scott is a "small company" with respect to its asserted ability to post a money bond, which requires financial information.

Plaintiff's Exhibit 3 (a, b) and Exhibit 4:

> 16) These exhibits were not attached to Plaintiff's motion for preliminary injunction; they are untimely and not properly before the Court. The exhibits were not filed or served on Defendants until after all briefing on the preliminary injunction motion had closed. *Compare* Order (Dkt. 5) requiring Plaintiff to file its final Reply by September 5, 2017 *with* Plaintiff's unauthorized "Notice of Filing Supplemental Information Relating to Motion for Preliminary Injunction" (Dkt. 23) dated Oct. 11, 2017;

> 17) The new exhibits were filed without a motion for leave to amend the motion for preliminary injunction or for leave to reopen the evidence. Defendant was not provided an opportunity to respond to either the motion to reopen or the new evidence itself.[1]

> 18) Should Plaintiff be authorized to offer the untimely evidence, Defendants object to the admission of Exhibit 3(a), the out of court declaration of Bo Runyon, as hearsay.

> 19) Exhibit 3(a) is also lacking in foundation or evidentiary support for the alleged authority of the out of court speakers who visited Ms. Runyon to speak on behalf of or with the authority to bind any Defendant.

> 20) Exhibit 3(b), the alleged partial transcript, is lacking in foundation as to its creation, and is further lacking in foundation or evidentiary support for the alleged authority of the out of court speakers to speak

---

[1] Plaintiff filed an Administrative Request for Leave to Allow Non-Electronic Filing (Dkt. 22) but did not disclose that the exhibits were new and had not been cited in the principal motion.

-10-

1547631.1

1                       on behalf of or with the authority to bind any Defendant.

2                21) Exhibit 4, the tape recording, is lacking in foundation as to its

3                     creation, and is further lacking in foundation or evidentiary support

4                     for the alleged authority of the out of court speakers to speak on

5                     behalf of or with the authority to bind any Defendant.

6         **b.**     <u>Defendants' Exhibits</u>

7       Plaintiff has no objections to the two exhibits cited by Defendants. Plaintiff would

8 object to any attempt by Defendants to admit any other exhibits not disclosed herein, as a

9 violation of the Court's Order regarding conduct of the preliminary injunction hearing.

10       Each party acknowledges that, by signing this joint pre-hearing statement, any

11 objections not specifically raised herein are waived.

12         **E.**     **<u>Depositions to be Offered</u>**

13       None.

14       Each party hereby acknowledges that, by signing this joint pre-hearing statement,

15 any deposition not listed as provided herein will not be allowed, absent good cause.

16         **F.**     **<u>Estimated Length of Hearing</u>**

17       Plaintiff estimates this hearing will take three hours.

18         **G.**     **<u>Proposed Findings of Fact and Conclusions of Law</u>**

19       Each party will file their respective Proposed Findings of Fact and Conclusions of

20 Law by separate instruments. Plaintiff filed a proposed Preliminary Injunction along with

21 Plaintiff's motion (Dkt. 9, Ex. 8).

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

1    RESPECTFULLY SUBMITTED this 18th day of October, 2017.

2

3                                          By /s/ Thomas E. Dietrich

4                                          Kenneth H. Brendel
                                           Thomas E. Dietrich
5                                          Mangum, Wall, Stoops & Warden, PLLC
                                           100 N. Elden St.
6                                          Flagstaff, AZ 86001

7                                          *Attorneys for Plaintiff Jason Scott Collection,
                                           Inc.*

8

9

10                                         By /s/ Sim Israeloff (*with permission*)

11
                                           Sim Israeloff
12                                         Cowles & Thompson, P.C.
                                           901 Main St., Ste. 3900
13                                         Dallas, TX 75202

14                                         *Attorneys for Defendants Trendily Home
                                           Collection, LLC, Trendily Furniture, LLC, and
15                                         Rahul Malhotra*

16

17         I hereby certify that on October 18, 2017, I electronically submitted the attached

18   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

19   Notice of Electronic Filing to the following CM/ECF registrant:

20
         Sim Israeloff, Esq.
21       COWLES & THOMPSON, P.C.
         901 Main St., Ste. 3900
22       Dallas, TX 75202
         tel. 214.672.2000
23       sisraeloff@cowlesthompson.com

24       *Counsel for Defendants*

25

26

-12-

1547631.1