**WO**                                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection Incorporated, | No. CV-17-02712-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Trendily Furniture LLC, *et al*., | |
| Defendants. | |

At issue is Defendants' Motion to Dismiss (Doc. 12, MTD), to which Plaintiff filed a Response (Doc. 20, Resp.) and Defendants filed a Reply (Doc. 21, Reply). The Court has already entered an Order (Doc. 32) denying the Motion to Dismiss and now enters this Order to explain its reasoning.

## I.    BACKGROUND

Plaintiff Jason Scott Collection Inc. makes the following allegations in the Complaint (Doc. 1). Plaintiff, an Arizona company owned by Jason Scott Forsberg, and Defendants Trendily Furniture LLC and Trendily Home Collection LLC, Texas companies owned by Defendant Rahul Malhotra, engage in furniture design and sales. In 2016, Plaintiff learned that Defendants were selling unauthorized imitations of Plaintiff's furniture pieces, specifically, the Sacred Heart Dining Table, Borgota Buffet, and Iron Star Desk (collectively, "JSC Pieces"), thereby infringing on Plaintiff's copyrights. Defendants' allegedly infringing pieces were part of their "MJ Collection" (or "Accused Pieces").

Plaintiff sent Defendants a cease-and-desist letter on May 24, 2017, to which Defendants did not respond. Plaintiff sent a second cease-and-desist letter on July 27, 2017, to which Defendants also did not respond. Defendants continued to sell the Accused Pieces, and, indeed, Malhotra pitched the Accused Pieces to retailers in June, July and August 2017. Plaintiff filed this action on August 11, 2017, raising claims of copyright infringement (Count 1), trade dress infringement (Counts 2-4), and common law unfair competition (Count 5). (Doc. 1.) Defendants now move the Court to dismiss this action for lack of personal jurisdiction.

## II.    ANALYSIS

For a federal court to adjudicate a matter, it must have jurisdiction over the parties. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party bringing the action has the burden of establishing that personal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When a defendant moves, prior to trial, to dismiss a complaint for lack of personal jurisdiction, the plaintiff must "'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

Because there is no statutory method for resolving the question of personal jurisdiction, "the mode of determination is left to the trial court." *Data Disc,* 557 F.2d at 1285 (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). Where, as here, a court resolves the question of personal jurisdiction upon motions and supporting documents, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Id.* In determining whether the plaintiff has met that burden, the "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in

the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc.*, 284 F.3d at 1019 (citation omitted).

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum state's long-arm statute confers jurisdiction over the defendant and that the exercise of jurisdiction comports with constitutional principles of due process. *Id.*; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute allows the exercise of personal jurisdiction to the same extent as the United States Constitution. *See* Ariz. R. Civ. Proc. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution"). Thus, a court in Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing so accords with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc*, 557 F.2d at 1287. Courts recognize two bases for personal jurisdiction within the confines of due process: "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in all matters;[1] and (2) 'specific jurisdiction' which arises out of the defendant's contacts with the forum state giving rise to the subject litigation." *Birder v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006).

Here, Plaintiff contends that the Court has specific jurisdiction over Defendants. (Resp. at 5.) Whether a court may exercise specific jurisdiction in a given case turns on

---

[1] Plaintiff does not attempt to provide facts to support a finding of general jurisdiction over Defendants.

the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit Court of Appeals uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Omeluk*, 52 F.3d at 270.

Defendants contend that Plaintiff fails to satisfy the first requirement of the Ninth Circuit's test for specific jurisdiction. (MTD at 7-8.) To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful direction analysis is most commonly applied in cases alleging tortious conduct. *Mavrix Photo, Inc.*, 647 F.3d at 1228. Because trademark infringement is a tort-like cause of action, purposeful direction is the proper analytical framework. *Id.*

To determine whether the defendant's actions constitute purposeful direction, courts apply the "effects" test that was developed in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The effects test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo!*, 433 F.3d at 1206.

A defendant's intentional act in the forum state does not necessarily have to be wrongful or tortious. "In any personal jurisdiction case we must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant." *Id.* at 1207. Courts must consider "the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts. A strong showing on one axis will permit a lesser showing on the other." *Id.* at 1210.

Plaintiff alleges and proffers sufficient evidence that Defendants have committed an intentional act by designing and manufacturing infringing pieces of furniture and selling them in the same market as Plaintiff. *See Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673-74 (9th Cir. 2012). Defendants do not argue that the Accused Pieces do not infringe on Plaintiff's copyrights in the JSC Pieces, but rather would like the Court to conclude that they are no longer selling the Accused Pieces in the market. This does not change the Court's analysis for the purposes of personal jurisdiction. The evidence shows that Defendants did sell the Accused Pieces in the same market, thereby taking aim at Plaintiff's copyrights and undermining Plaintiff's business, which is sufficient as an intentional act. In any event, the evidence does not conclusively demonstrate that Defendants are no longer selling the Accused Pieces.

Plaintiff also demonstrates that Defendants' intentional acts were aimed at Arizona by infringing Plaintiff's copyrights and directly competing with Plaintiff in the same market. In *Washington Shoe*, the Ninth Circuit noted that the defendant that engaged in copyright infringement in that case "knew that its intentional acts would impact [the

plaintiff's] copyright by virtue of the cease-and-desist letters it had received." *Id.* at 678. The Court found that, in matters of willful copyright infringement, express and individualized aiming can occur even when the sale of an infringing product occurs solely in a non-forum state, because the known impact is directed at the forum state. *Id.* at 678-79. Similarly, in this case, the evidence shows Defendants willfully infringed Plaintiff's copyrights from the time they received Plaintiff's cease-and-desist letters (if not before) and knew the impact would be felt in Arizona, thereby expressly aiming at the forum state.

Defendants would like the Court to analogize this case to *Walden v. Fiore*, 134 S. Ct. 1115 (2014), and *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015), but this case is notably distinguishable from those. In *Walden*, the only connection the defendant had with the forum state arose from the defendant's temporary seizure of personal cash belonging to forum state residents, which was insufficient. 134 S. Ct. at 1125. And in *Picot*, the defendant's contact with the forum state was also too attenuated, because all of the actions related to the plaintiff's claim of contractual interference took place in a non-forum state without actions aimed at the forum state. 780 F.3d at 1215. Indeed, both cases involved claims of interference with personal finances, which affected the plaintiffs personally regardless of their state of residence.

While the *Walden* court noted that a plaintiff must show more than a defendant's ties to the plaintiff and injury to the plaintiff to satisfy the *Calder* "effects" test, Defendants' acts in this case were aimed at Arizona. For the purposes of the personal jurisdiction analysis, the allegations and evidence are sufficient to show that Defendants willfully infringed on Plaintiff's copyrights and undermined Plaintiff's business in the same market, making this case akin to *Washington Shoe* and similar decisions within the Ninth Circuit.[2] 704 F.3d at 678-79; *see also Brayton Purcell LLP v. Recordon &*

---

[2] Plaintiff also alleges and produces some evidence that Defendant Malhotra attended an event in Arizona and Arizona retailers sold Defendants' Accused Pieces (*see* Resp. at 4), but the evidence that Defendants willfully infringed on Plaintiff's copyrights and undermined Plaintiff's business is sufficient to demonstrate the purposeful direction prong of the personal jurisdiction test.

*Recordon*, 606 F.3d 1124, 1129-31 (9th Cir. 2010) (finding the defendant's copyright infringement placed it in competition with the plaintiff and created confusion among potential clients, which constituted the "individualized targeting" necessary to satisfy the express aiming prong); *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111-12 (9th Cir. 2004) (finding the New York defendant's sale of speakers in the U.S. in competition with the Arizona plaintiff, who had exclusive rights to sell the speakers in the U.S., constituted actions directed at Arizona because the defendant "intended to undermine [the plaintiff's] status as the sole distributor" and knew the plaintiff, as a business in Arizona, would suffer harm); *Tresona Multimedia LLC v. Legg*, No. CV-14-02141-PHX-DGC, 2015 WL 470228, at *4 (D. Ariz. Feb. 4, 2015) (noting that "certain actions by an out-of-state defendant, such as . . . taking extensive action to undermine a person's business (*CE Distrib.*) or directly competing with a person (*Brayton*), create contacts with that person's forum"). Thus, Plaintiff has satisfied the second element of the *Calder* "effects" test.

Likewise, Defendants unquestionably knew the effects of their conduct would be suffered in Arizona, because economic loss is a foreseeable result of copyright infringement and Defendants knew Plaintiff is an Arizona company, at least by the time they received the cease-and-desist letters. Thus, Plaintiff has also satisfied the third element of the *Calder* "effects" test.

Defendants do not argue that the second and third elements of the personal jurisdiction test are not met, and in any event, from the face of the Complaint, Plaintiff's claims arise from Defendants' infringing activity, and the Court finds no reason why its exercise of personal jurisdiction over Defendants would be unreasonable. Plaintiff has made a *prima facie* showing of jurisdictional facts, and all three prongs of the specific jurisdiction test have been satisfied. Thus, the Court's exercise of personal jurisdiction over Defendants comports with constitutional principles of due process and the District of Arizona has personal jurisdiction in this matter.

1    Defendants also argue that venue is improper based on their contention that

2 personal jurisdiction is lacking. However, because the Court does have personal

3 jurisdiction over Defendants in this matter, venue properly lies under 28 U.S.C. § 1400(a)

4 and *Brayton Purcell*, 606 F.3d at 1126.

5    IT IS THEREFORE ORDERED that, for the foregoing reasons, Defendants'

6 Motion to Dismiss (Doc. 12) is denied, as the Court indicated in its prior Order (Doc. 32).

7    Dated this 25th day of October, 2017.

8

9

10    Honorable John J. Tuchi
      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28