1        NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection Incorporated, | No. CV-17-02712-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Trendily Furniture LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Preliminary Injunction (Doc. 9), to which Defendants filed a Response (Doc. 17) and Plaintiff filed a Reply (Doc. 19). The Court has considered Plaintiff's Complaint (Doc. 1), the parties' briefs and filed evidence, and the parties' arguments and evidence presented at the hearing on October 25, 2017 (Doc. 36). For the reasons the Court set forth in detail at that hearing in accordance with Federal Rule of Civil Procedure 65(d), the Court will grant Plaintiff's Motion for Preliminary Injunction.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     "Defendants" means Trendily Furniture, LLC, Trendily Home Collection, LLC, and Rahul Malhotra, and all entities under their control, and their parents, subsidiaries, licensees, owners, officers, directors, agents, employees, partners, assigns, and other representatives, and all others acting in concert with any Defendant or on their behalf.

2.     "Jason Scott" means Jason Scott Collection, Inc. and its owners, officers, directors, agents, employees, partners, assigns, and other representatives.

3.     "And" and "or" shall be construed both conjunctively and disjunctively to make the applicable sentence or phrase inclusive rather than exclusive.

4.     "JSC Pieces" means the furniture pieces manufactured by Jason Scott which are known as the Iron Star Desk, Sacred Heart Dining Table, and Borgota Buffet.

5.     "Copyrights" means U.S. Copyright Registration Nos. VA 2-050-753 (Iron Star Desk), VA 2-050-752 (Sacred Heart Dining Table), and VA 2-050-754 (Borgota Buffet).

6.     "JSC Designs" means the decorations and ornamental designs protected by the Copyrights and depicted on the JSC Pieces.

7.     "Trade Dress" means the trade dress embodied by each of the JSC Pieces.

8.     "Accused Products" means Defendants' furniture pieces referred to as the MJ Dining Table, MJ Sideboard, and MJ Office Desk, along with any other piece of furniture that is substantially similar to any of the JSC Pieces.

9.     "Documents" and "electronically stored information" are synonymous in meaning and equal in scope of the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure, and include writings, drawings, graphs, charts, photographs, spreadsheets, audio and video recordings, computer files, digital records, emails, text messages, and other data compilations from which information can be obtained and translated into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of these terms.

## INJUNCTION

**IT IS ORDERED** granting Plaintiff's Motion for Preliminary Injunction (Doc. 9).

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

a.      Imitating, copying, using, reproducing, displaying, or creating derivative works of the JSC Designs in any manner, medium, or form (including but not limited to the Accused Products), or otherwise infringing Jason Scott's Copyrights in such designs;

b.      Displaying, selling, or offering to sell any piece of furniture that infringes Jason Scott's Trade Dress (including but not limited to the Accused Products), in any manner, medium, or form;

c.      Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake, or deception among members of the public or members of the trade between Defendants and Jason Scott as relates to the source, sponsorship, affiliation, or approval of Defendants' furniture; and

d.      Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) - (c) above.

**IT IS FURTHER ORDERED** that Defendants, at their own expense, shall recall and remove from Defendants' stores, galleries, and showrooms, and such locations under Defendants' control or with any affiliation to Defendants, all inventory of Accused Products and all marketing, promotional, and advertising materials containing any images of or references to the Accused Products.

**IT IS FURTHER ORDERED** that Defendants shall edit any websites under their possession, custody, or control to remove all references to, photographs of, and sale listings for the Accused Products.

**IT IS FURTHER ORDERED** that Defendants shall preserve without alteration all brochures, catalogues, packaging, labels, headers, tags, cards, drawings, designs, masters, advertisements, promotional material, displays, literature, photographs, and all other matter in their possession, custody, or control incorporating, featuring, or bearing any colorable imitations of the JSC Pieces (including but not limited to the Accused Products), and any materials that could be used to reproduce infringing material substantially similar to Jason Scott's copyrighted designs.

**IT IS FURTHER ORDERED** that Defendants shall preserve without alteration all Accused Products, and any other furniture pieces that are substantially similar to any of the JSC Pieces, in Defendants' inventory or otherwise in Defendants' possession, custody, and control, or en route to the United States from Defendants' overseas supplier(s).

**IT IS FURTHER ORDERED** that Defendants shall preserve without alteration all records documenting the manufacture, sale, or receipt of any Accused Products.

**IT IS FURTHER ORDERED** that Defendants are preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or other records that relate to the Accused Products and Defendants' business and operations related thereto.

**IT IS FURTHER ORDERED** that Defendants shall file with this Court and serve on Jason Scott within 30 days after service on Defendants of this Order a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and Order of the Court.

**IT IS FURTHER ORDERED** that, under Federal Rule of Civil Procedure 65(c), Jason Scott shall post an $8,000 bond.

Dated this 26th day of October, 2017.

Honorable John J. Tuchi
United States District Judge