Kenneth H. Brendel (#019003)
Thomas E. Dietrich (#031299)
MANGUM, WALL, STOOPS & WARDEN, PLLC
100 N. Elden St.
Flagstaff, AZ 86001
Tel. 928.779.6951
kbrendel@mwswlaw.com
tdietrich@mwswlaw.com

*Attorneys for Plaintiff Jason Scott Collection, Inc.*

Sim Israeloff (*pro hac vice*)
Texas Bar No. 10435380
COWLES & THOMPSON, P.C.
901 Main St., Ste. 3900
Dallas, TX 75202
Tel. 214.672.2000
sisraeloff@cowlesthompson.com

*Attorneys for Defendants Trendily Furniture, LLC; Trendily Home Collection, LLC; and Rahul Malhotra*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JASON SCOTT COLLECTION, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TRENDILY FURNITURE, LLC, a Texas limited liability company, TRENDILY HOME COLLECTION, LLC, a Texas limited liability company, RAHUL MALHOTRA, an individual, JOHN DOE CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 2:17-cv-02712-JJT<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

Plaintiff Jason Scott Collection, Inc. ("Plaintiff") and Defendants Trendily Furniture, LLC, Trendily Home Collection, LLC, and Rahul Malhotra (together, "Defendants") file this Joint Proposed Case Management Plan pursuant to the Court's November 7, 2017, Order. (Doc. 44)

/ / /

/ / /

1.   **Brief Statement of the Case**

**Plaintiff**

This case arises from Defendants' willful copying of Jason Scott's original furniture designs. Jason Scott holds registered copyrights in three furniture pieces, the Sacred Heart Dining Table, Borgota Buffet, and Iron Star Desk (the "JSC Pieces"). Jason Scott also holds trade dress rights in the unique look and feel of the JSC Pieces, which consumers recognize as originating from Jason Scott.

Defendants, led by owner Rahul Malhotra ("Malhotra"), intentionally created near-identical copies of the JSC Pieces at their wholly-owned factory in India. Defendants then sold those knockoffs for cut-rate prices in the Texas area, which is Jason Scott's largest, most profitable market. Defendants sold knockoffs to retailers who were not authorized to sell Jason Scott furniture, but were in close geographic proximity to Jason Scott's authorized dealers. Defendants also targeted authorized Jason Scott dealers, seeking to lure them away from Jason Scott with claims the Trendily pieces were Jason Scott "look-alikes" at a lower price.

Malhotra ignored two cease-and-desist letters from Jason Scott in mid-2017 and continued to make and sell infringing pieces. Jason Scott thus filed suit for copyright infringement, trade dress infringement, and unfair competition. Jason Scott is seeking its lost profits on the copyright claim; a disgorgement of Defendants' profits, compensation for damages suffered by Jason Scott, and attorneys' fees on the trade dress claims; and imposition of a reasonable labeling requirement on the unfair competition claim.

**Defendants**

Defendants deny that they are subject to personal jurisdiction and deny Plaintiff's claims.  Defendants deny that Plaintiff's registered copyrights are valid or that the accused products have acquired secondary meaning or trade dress protection.  Defendants did not knowingly copy any legally protected designs.  Any infringement was innocent.  Any use

was fair use.

Plaintiff's claims are barred, in whole or part, because the asserted designs are not legally protectable or copyrightable and the copyrights are invalid; under 17 U.S.C.§412 because the alleged acts of infringement commenced after the first publication of the work and before the effective date of registration; under 17 U.S.C. §410 because the certificates of a registration were not made before or within five years after first publication and constitute no evidence of the validity of the copyright.

Plaintiff's claims are also barred, in whole or part, by waiver, implied license, estoppel, laches or unclean hands, including but not limited to Plaintiff's delay in seeking registration and its voluntary invitation to Defendant to sell the allegedly infringing furniture.

If Plaintiff's designs were legally protected, which is denied, any claim for infringement is barred by the doctrine of de minimus non curat lex and the principle of injuria absque damno.

**2.** **List of Elements of Proof**

**Count 1: Copyright Infringement**

Jason Scott must establish ownership of a valid copyright. *Amini Innov. Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1368 (9th Cir. 2006). To meet this burden, Jason Scott must show its designs are (1) original, and (2) conceptually separable from the utilitarian aspects of the furniture. *Star Athletica, LLC v. Varsity Brands, Inc.*, 137 S.Ct. 1002, 1008 (2017); *Univ. Furniture Int'l v. Collezione Europa USA, Inc.*, 618 F.3d 417, 429 (4th Cir. 2010). The submission of a valid certificate of copyright registration creates a presumption of originality for five years from the registration date. *Swirsky v. Carey*, 376 F.3d 841, 851 (9th Cir. 2004).

Jason Scott must establish unauthorized copying of protected expression. *Amini*, 439 F.3d at 1368. Jason Scott can prove copying by showing either (1) that Defendants

literally copied the protected designs, or (2) that Defendants had access to the protected designs before creating the accused designs and that the designs are substantially similar. *Id*. The Ninth Circuit uses "an inverse-ratio rule that allows a lesser showing of substantial similarity if there is a strong showing of access." *Id*.

**Lost profits.** Jason Scott must establish the profits it might have accrued but for Defendants' infringement. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004); 17 U.S.C. § 504(b). The "profit lost by the plaintiff is not equivalent to the profit gained by the infringers, since the opposing parties will have different selling techniques and business organizations." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 670 F.Supp. 1133, 1139 (E.D.N.Y. 1987). "The plaintiff is entitled to his own lost profit, or the profit of the infringers, whichever is greater." *Id*.

### Counts 2-4: Trade Dress Infringement

Jason Scott must establish that its trade dress is protectable. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987). Trade dress is protectable if it is nonfunctional and has acquired secondary meaning. *Id*. at 842; *see also Alphaville Design, Inc. v. Knoll, Inc.*, 627 F.Supp. 2d 1121, 1128-29 (N.D. Cal. 2009) (involving furniture design trade dress). With regard to functionality, the "ultimate inquiry" is "whether protecting a feature will hinder competition." *Fuddruckers*, 826 F.2d at 842. With regard to secondary meaning, trade dress "attains secondary meaning when the purchasing public associates the dress with a particular source." *Id*. at 843. Evidence of deliberate copying is relevant to a determination of secondary meaning. *Id*. at 844. In addition, consumer confusion can serve as an indirect indication that a design has secondary meaning. *Alphaville*, 627 F.Supp. 2d at 1129.

Jason Scott must establish that Defendants' use of the same trade dress is likely to confuse consumers. *Fuddruckers*, 826 F.2d at 841. Elements to consider in this analysis include evidence of actual confusion, Defendants' intent in adopting the trade dress,

similarity of the trade dress, similarity of the goods and marketing channels, and the strength of the trade dress." *Id*. at 845. "The factors are not weighted evenly." *Id*. A showing that the defendant intended to adopt the plaintiff's trade dress is entitled to great weight because a defendant is presumed able to accomplish this purpose. *Id*. at 846. In addition, "courts almost unanimously presume a likelihood of confusion based on a showing of intentional copying." *Id*. (citing *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421, 448 n.24 (4th Cir. 1986)). Evidence of actual confusion is persuasive proof that future confusion is likely. *Id*.

Jason Scott must establish damages. In a trade dress case, the Court, in its discretion, may award (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. 15 U.S.C. § 1117(a); *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1111-12 (9th Cir. 2012). Section 1117 also permits the Court, in its discretion, to enter judgment "for any sum above the amount found as actual damages not exceeding three times such amount." 15 U.S.C. § 1117(a). Further,

**Defendants' profits.** To obtain disgorgement of Defendants' profits, Jason Scott is required to prove Defendants' sales only; Defendants must prove all elements of cost or deduction claimed. 15 U.S.C. § 1117(a); *see also Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F.Supp. 2d 1072, 1087 (C.D. Cal. 2006) (explaining that, "[i]n establishing the defendant's profits, the plaintiff is required to present proof only of the defendant's gross revenues; the defendant is required to prove his or her deductible expenses and costs."). Any decision concerning the awarding of an accounting of profits remedy should remain within the discretion of the trial court. *Playboy Enters., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1275 (9th Cir. 1982).

**Damages sustained by Jason Scott.** To obtain any damages it has sustained, Jason Scott must prove such damages are reasonably foreseeable harms caused by Defendants' copying. *Skydive*, 673 F.3d at 1112. "Upon proving causation, the plaintiff's evidentiary

burden relaxes considerably." *Id*. Section 1117 "demands neither empirical qualification nor expert testimony to support a monetary award of actual damages . . . ." *Id*. at 1113. Courts will "accept 'crude' measures of damages based upon reasonable inferences so long as those inferences are neither inexorable nor fanciful." *Id*. at 1112 (internal citation omitted). A plaintiff is "held to a lower standard in proving the exact amount of actual damages." *Id*. "To support a jury's actual damages award, there need only be substantial evidence to permit the jury to draw *reasonable inferences* and make a *fair and reasonable assessment*." *Id*.

    ***Damages enhancement.*** An enhancement of damages is available "to ensure that the plaintiff receives compensation." *Id*. (quoting *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1096 (7th Cir. 1994)). "An enhancement is appropriate to compensate a Lanham Act plaintiff only for such adverse effects as can neither be dismissed as speculative nor precisely calculated." *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 997 F.2d 949, 955 (D.C. Cir. 1993). In considering whether to award a damages enhancement, the district court should consider "the impact of the unlawful conduct directly on the plaintiff competitor, the systemic distortion which the wrongdoer's conduct has upon the particular product market, and the costs incurred by the competitor in its effort to mitigate the damages." *BASF*, 41 F.3d at 1096. Enhancement of an award of damages is "clearly committed to the district court." *Id*.

    ***Attorneys' fees.*** In exceptional cases, the Court may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). To establish that this case is exceptional, Jason Scott must establish Defendants "acted maliciously, fraudulently, deliberately, or willfully." *Sazerac Co., Inc. v. Fetzer Vinyards, Inc.*, 251 F.Supp. 3d 1288, 1309 (N.D. Cal. 2017). Jason Scott can meet this burden by proving Defendants were aware of Jason Scott's market strength and purposely exploited its trade dress to capitalize on that market. *Cosmos*, 470 F.Supp. 2d at 1088.

1   **Count 5: Unfair Competition**

2          Jason Scott must establish that its furniture has acquired a special significance

3   whereby the public identifies it as Jason Scott's and confusion has resulted causing

4   damage to Jason Scott. *Kaibab Shop v. Desert Son, Inc.*, 135 Ariz. 487, 490 (App. 1982).

5   Upon meeting this burden, the Court may order that Defendants' products "be clearly

6   marked as to indicate unmistakably that they are the defendant's and not the plaintiff's

7   goods." *Id*.

8          **Defendants' Affirmative Defenses**

9          The basic elements of copyright infringement are set out above.  Pursuant to 17

10  U.S.C. §410, because the certificates of a registration were not made before or within five

11  years after first publication they constitute no evidence of the validity of the copyright.

12  The failure to establish all elements of a valid copyright requires the cancellation of the

13  registrations.

14           Pursuant to 17 U.S.C.§412, if it is established that the alleged acts of infringement

15  commenced after the first publication of the work by the Plaintiff in 2004 and before the

16  effective date of its registrations on May 15, 2017, and that the registration was not issued

17  for more than a month after the Plaintiff learned of the alleged infringement, then "no

18  award of statutory damages or of attorney's fees" may be made in this case.  These facts

19  are believed to be undisputed.

20          To establish innocent infringement, the Defendants have to prove that they were

21  not aware and had no reason to believe that their acts constituted an infringement of

22  copyright. 17 U.S.C. § 504(c)(2).

23          To establish fair use, the trier of fact must determine whether the use was fair

24  considering the following factors: (1) the purpose and character of the use, including

25  whether such use is of a commercial nature or is for nonprofit educational purposes; (2)

26  the nature of the copyrighted work; (3) the amount and substantiality of the portion used

1    in relation to the copyrighted work as a whole; and (4) the effect of the use upon the

2    potential market for or value of the copyrighted work.  17 U.S.C. § 107.

3         Waiver is a voluntary and intentional relinquishment of a known right, or such

4    conduct as warrants an inference of the relinquishment of such right.  *Ray v. Tucson*

5    *Medical Ctr.*, 72 Ariz. 22, 32 (Ariz. 1951); *United States v. King Features Entm't, Inc.*,

6    843 F.2d 394, 399 (9th Cir. 1988); *Aetna Casualty & Sur. Co. v. L. K. Comstock & Co.*,

7    488 F. Supp. 732, 737-738 (D. Ariz. 1980).

8         Implied license is a defense to a claim of copyright infringement. A copyright

9    owner may grant a nonexclusive license expressly or impliedly through conduct. An

10   implied license can be found where the copyright holder engages in conduct from which

11   the other party may properly infer that the owner consents to his use. Consent to use the

12   copyrighted work need not be manifested verbally and may be inferred based on silence

13   where the copyright holder knows of the use and encourages it.  *Field v. Google Inc.*, 412

14   F. Supp. 2d 1106, 115-16 (D. Nev. 2006)

15        Estoppel is established if: (1) The party to be estopped knows the facts; (2) intends

16   that his conduct shall be acted on or so acts that the party asserting the estoppel has a right

17   to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must

18   rely on the former's conduct to his injury.  *Hampton v. Paramount Pictures Corp.*, 279

19   F.2d 100, 105 (9th Cir. 1960).

20        Laches will bar a claim when the delay is unreasonable and results in prejudice to

21   the opposing party or to the administration of justice.  *League of Ariz. Cities & Towns v.*

22   *Martin*, 201 P.3d 517, 519 (Ariz. 2009).

23        A request for injunction will be barred under the clean hands doctrine, which

24   requires that one who seeks equity must come to the court without blemish. *Johnson v.*

25   *Yellow Cab Transit Co.*, 321 U.S. 383, 387, 88 L. Ed. 814, 64 S. Ct. 622 (1944).

26   Equitable relief will be denied to one who has acted with inequitableness or bad faith

relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945). *EEOC v. Recruit U.S.A., Inc*., 939 F.2d 746, 752 (9th Cir. 1991).  Defendants argue that Plaintiff's attempt, using a false name and deception, to invite Defendants to manufacture, sell, and deliver accused products at the Plaintiff's request and invitation, constitutes unclean hands and bars the Plaintiff from seeking injunctive relief.

Trivial copying does not constitute actionable infringement. "Even where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent." West Publ'g Co. v. Edward Thompson Co., 169 F. 833, 861 (E.D.N.Y. 1909).  "This principle reflects the legal maxim, de minimis non curat lex (often rendered as, "the law does not concern itself with trifles")."  *Newton v. Diamond*, 349 F.3d 591, 594 (9th Cir. 2003).

The maxim *injuria absque damno* and *damnum absque injuria* mean either a wrong that causes no damage sustaining an action for relief or, put the other way, damage without a wrongful act; that a loss or harm incurred from something other than a wrongful act does not entitle a plaintiff to a legal remedy.  *See, e.g.,* http://dictionary.findlaw.com/definition/injuria-absque-damno.html; https://definitions.uslegal.com/d/damnum-absque-injuria/.

**Reservation of Rights to Further Briefing**:  The elements of proof listed above are general outlines.  The parties reserve the right to further brief the elements of each claim and defense as applied to the specific facts of this case and the controlling state and federal law applicable to each claim and defense.

### 3.    Factual and Legal Issues Genuinely in Dispute

Jason Scott intends to dispute Defendants' claims to not have copied other furniture pieces in the past from other manufacturers and whether copying is a large part of

1   Defendants' business. Jason Scott intends to dispute Defendants' claims that they did not
2   know the Accused Products were copied from Jason Scott pieces. Jason Scott intends to
3   dispute Defendants' claims that Jason Scott's furniture pieces are copied entirely from
4   public domain elements and contain no copyrightable aspects.

5           Defendants intend to dispute whether Plaintiff's designs are capable of copyright
6   protection and whether the copyright registrations should be canceled. Defendants intend
7   to dispute whether Defendants knew or intended to copy legally protected designs and
8   whether their use of similar designs is fair use.   Defendants will dispute Plaintiff's
9   damages claims, enhanced damages claims and claim for attorney fees.

10          **4.    Jurisdictional Basis of the Case**

11          This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a),
12  because this suit arises under the federal Copyright Act and Lanham Act. This Court has
13  jurisdiction over Jason Scott's related common law claim under 28 U.S.C. §§ 1338 and
14  1367. As determined by the Court in denying Defendants' motion to dismiss for lack of
15  personal jurisdiction, this Court has personal jurisdiction over Defendants because
16  Defendants have committed intentional acts expressly aimed at Jason Scott in Arizona.
17  Defendants have caused and continues to cause tortious injury to Jason Scott within
18  Arizona, with knowledge that the impact of their actions will be felt in this state.

19          Defendants dispute that the Court has personal jurisdiction over them.

20          **5.    Parties Who Have Not Been Served or Answered**

21          All parties have been served and appeared.

22          **6.    Names of Parties Not Subject to Court's Jurisdiction**

23          None.

24          **7.    Dispositive Motions and Legal Issues**

25          Jason Scott anticipates filing a motion for summary judgment regarding at least its
26  copyright infringement claim.

Defendants have not determined yet whether to file dispositive motions but may file a motion for summary judgment after discovery is fully developed.

**8.**    **Reference to U.S. Magistrate Judge or Special Master**

The parties do not believe the case is suitable for reference to a U.S. Magistrate Judge or special master.

**9.**    **Status of Related Cases**

Not applicable. There are no related cases.

**10.**    **Description of Parties' Discussions of Mandatory Initial Discovery**

Counsel for the parties have discussed mandatory initial discovery responses and there have not been any disputes to date. Plaintiff served its mandatory initial discovery responses on December 4, 2017.  Defendant served its mandatory initial disclosures on December 6, 2017.

**11.**    **Proposed Deadlines**

(a) filing motions to amend the Complaint or join additional parties: **Friday, January 5, 2018**

(b) if a patent case, claim construction issues: Not applicable.

(c) completion of all fact discovery: **Friday, August 3, 2018**

(d) disclosure of expert testimony by Plaintiff under Fed. R. Civ. P. 26(a)(2): **Friday, September 7, 2018**

(e) disclosure of expert testimony by Defendants under Fed. R. Civ. P. 26(a)(2): **Friday, October 5, 2018**

(f) disclosure of rebuttal expert testimony: **Friday, November 9, 2018**

(g) disclosure of all witnesses, exhibits, and other matters under Fed. R. Civ. P. 26(a)(3): **Friday, February 1, 2019**

(h) closure of all discovery: **Friday, December 7, 2018**

(i) completing good faith discussions of settlement: **Friday, January 11, 2019**

(j) filing dispositive motions, including *Daubert* motions: **Friday, January 11, 2019**

### 12.   Scope of Discovery and Suggested Changes or Phases

No changes or phasing of discovery is requested. The parties propose that discovery be conducted per the Federal Rules of Civil Procedure, and that parties and witnesses may attend depositions by phone at their election.

### 13.   Estimated Length of Trial; Suggestions for Shortening

Seven days. The parties may be able to shorten trial by reaching stipulations regarding factual issues such as quantity of products copied and potentially other facts, after discovery is complete.

### 14.   Whether a Jury Trial Has Been Requested

A jury trial has been requested.

### 15.   Prospects for Settlement

The parties have been engaged in settlement discussions, which are ongoing and will continue. The parties do not at this time request a settlement conference or other assistance of the Court. If settlement discussions fail, the parties anticipate participating in a mediation with a private mediator agreed upon by both parties.

### 16.   Class Action Certification

Not applicable.

### 17.   Unusual, Difficult, or Complex Problems

The parties do not anticipate any unusual or complex problems or issues that would warrant placing this case on the complex case track.

### 18.   Any Other Matters Aiding in Resolving the Case

The parties are not aware of any other matters that counsel believe will aid the Court in resolving this case in a just, speedy, and inexpensive manner.

1   RESPECTFULLY SUBMITTED this 11th day of December, 2017.

2

3                                      By /s/ Thomas E. Dietrich

4                                      Kenneth H. Brendel
                                       Thomas E. Dietrich
5                                      Mangum, Wall, Stoops & Warden, PLLC
                                       100 N. Elden St.
6                                      Flagstaff, AZ 86001

7                                      *Attorneys for Plaintiff Jason Scott Collection,*
                                       *Inc.*
8

9

10
                                       By /s/ Sim Israeloff (with permission)
11
                                       Sim Israeloff
12                                     Cowles & Thompson, P.C.
                                       901 Main St., Ste. 3900
13                                     Dallas, TX 75202

14                                     *Attorneys for Defendants Trendily Home*
                                       *Collection, LLC, Trendily Furniture, LLC, and*
15                                     *Rahul Malhotra*

16

17        I hereby certify that on December 11, 2017, I electronically submitted the attached

18   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

19   Notice of Electronic Filing to the following CM/ECF registrant:

20
        Sim Israeloff, Esq.
21      COWLES & THOMPSON, P.C.
        901 Main St., Ste. 3900
22      Dallas, TX 75202
        tel. 214.672.2000
23      sisraeloff@cowlesthompson.com

24      *Counsel for Defendants*

25

26