Brandon James Leavitt (TX#24078841)
Eldredge Law Firm
4204 SW Green Oaks Blvd. Suite 140
Arlington, TX 76017
Telephone: (214) 727-2055
brandon@dfwpatentlaw.com

*Attorney for Defendants Trendily Furniture LLC, et al.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection Incorporated,<br><br>   Plaintiff,<br><br>v.<br><br>Trendily Furniture LLC, *et al*.<br><br>   Defendants. | No. CV-17-02712-PHX-JJT<br><br>**RESPONSIVE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

When viewed in the light most favorable to Defendants, Plaintiff has not met its evidentiary burdens to merit summary judgment on any of its claims or damages. Even when viewed in the light most favorable to Plaintiff, its Lanham Act and common law claims are prohibited as a matter of law and summary judgment *sua sponte* is warranted on those claims.

## Table of Contents

**INTRODUCTION** ................................................................................................................ 6

    I.    Case Summary ................................................................................................. 6

    II.   Noncompliant and Irrelevant Facts Asserted by Plaintiff .......................... 6

    III.  Material Facts Relied Upon by Plaintiff ....................................................... 7

**ISSUES PRESENTED** ........................................................................................................ 7

    I.    Has Plaintiff met its evidentiary burden to prove copyright infringement?7

    II.   Has Plaintiff met its evidentiary burden to prove copyright damages? ..... 7

    III.  Is Summary Judgment *sua sponte* against Plaintiff's Lanham Act claims proper? ............................................................................................................... 7

**BACKGROUND** .................................................................................................................. 8

    I.    A copyright must be valid before infringement can be established ........... 8

        A.   Copyrights are not presumed valid if registered long after publication....8

        B.   Copyrights are only valid for original elements of a work ......................8

    II.   Copyright infringement damages are limited by Ninth Circuit jurisprudence ................................................................................................................ 8

        A.   Infringement prior to registration negates statutory damages...................8

        B.   Ninth Circuit Case law mitigates recoverable profits and damages .........9

    III.  If a product design is copyrighted, Lanham Act claims likely don't apply 9

        A.   Asserting copyright claims precludes claims under the Lanham Act.......9

        B.   Merely decorative designs do not function as trademark ......................10

**LEGAL STANDARD** ....................................................................................................... 11

    I.    Local Rules of Civil Procedure ................................................................... 11

    II.   Summary Judgment against a Nonmovant................................................ 11

    III.    Summary Judgment *Sua Sponte* against a Movant ................................. 12

**ARGUMENT** ........................................................................................................... 13

    I.    Plaintiff's Separate Statement of Facts is procedurally defective ............ 13

    II.    Plaintiff has not met its evidentiary burden to prove its copyright claims 14

        A.    Plaintiff's copyright registrations cannot be presumed valid ................. 14

        B.    The originality of Plaintiff's copyright is a material disputed fact ......... 14

    III.    Plaintiff has not met its evidentiary burden to prove copyright damages 14

        A.    Plaintiff is statutorily prohibited from claiming statutory damages ....... 14

        B.    The amount of damages and profits is a material dispute in this case .... 15

    IV.    Summary Judgment against Plaintiff on its Lanham Act claims is proper 15

        A.    Plaintiff has had a fair opportunity to prove its case and failed .............. 15

        B.    Plaintiff is unable to prove its case as a matter of law ............................ 16

**CONCLUSION** ...................................................................................................... 17

**Cases**

*3 Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) ........................... 9

*Albino v. Baca*, 747 F.3d 1162 (9th Cir., 2014) ............................................................... 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................... 11

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U. S. 141 (1989) ........................... 10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................ 12

*Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir., 1994) ........................................................ 6

*Cosmetic Ideas, Inc. v. Iac/Interactivecorp.*, 606 F.3d 612 (9th Cir., 2010) ...................... 8

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) .............. 9, 10, 16

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir., 2008) ..................... 8, 9

*Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ......................................... 8

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir.1985) ............. 8

*Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548 (9th Cir.2003) ................. 12

*Hall v. Eads* No. CV-16-03855-PHX-JJT (D. Ariz., 2018) (Tuchi, J.) (Order) .......... 11, 12

*Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR (D. Ariz., Mar. 6, 2018) .. 11

*In re Villeroy & Boch* S.A.R.L., 5 USPQ2d 1451 (TTAB 1987) ...................................... 10

*Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC (D.
    Ariz., Dec. 14, 2012) (Order) (Campbell, J.) ................................................................ 8

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U. S. 23 (2001) ........................... 10

**Statutes**

15 U.S.C. § 1051 ............................................................................................................... 10

15 U.S.C. § 1052 ............................................................................................................... 10

15 U.S.C. § 1125(a) ............................................................................................................ 9

| | |
|---|---|
| 15 U.S.C. § 1127 | 10 |
| 17 U.S.C. § 410(c) | 8, 14 |
| 17 U.S.C. § 412(2) | 9 |
| 17 U.S.C. § 504(a) | 8 |
| 17 U.S.C. § 504(b) | 9 |
| 17 U.S.C. § 504(c) | 8 |

### Rules

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 11 |
| Fed. R. Civ. P. 56(f) | 12, 13, 16 |
| LRCiv 56.1(a) | 7, 11 |
| Trademark Manual of Examining Procedure (TMEP) § 1202.03 | 10 |
| Trademark Manual of Examining Procedure (TMEP) §1202.3(f)(ii) | 11 |

### Other Authorities

| | |
|---|---|
| 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2720 (3d ed. 1998) | 12 |

### Introduction

#### I.   Case Summary

As outlined in Defendants' Controverting Statement of Facts ("CSF") filed jointly with this Answer, Plaintiff first published certain furniture items in June 1, 2004 and Defendants sold similar items from at least as early as March 2017. [CSF ¶¶ 70-71]. Plaintiff obtained copyright registrations for its items on May 15, 2017. [*Id.* at 70]. On August 16, 2017, Plaintiff served this suit on Defendants—claiming copyright infringement, and trademark infringement and unfair competition under the Lanham Act and common law. [*See* ECF 1]. For brevity and clarity, Defendants treat Plaintiff's Lanham Act and common law unfair competition claims synonymously herein. *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir., 1994) (common law unfair competition claims and Lanham Act claims are "substantially congruent").

On January 11, 2019, Plaintiff filed its motion before this Court requesting summary judgment (MSJ) on all claims and for actual damages, Defendants' gross profits, enhancements, and fees. [*See* ECF 76]. Specifically, Plaintiff alleges actual damages of $132,741 for the departure of a former customer, $59,203 in forgone income and an additional $25,185 in Defendants' related gross profits. [*See Id.*]. Defendants herein assert relevant, deductible expenses sub-totaling $6,150 for a total net profit sub-total of $17,636. [CSF ¶ 66]. Defendants further assert that Plaintiff's alleged actual damages are speculative.

#### II.   Noncompliant and Irrelevant Facts Asserted by Plaintiff

In its Separate Statement of Facts (SSF) in support of its MSJ, Plaintiff alleged 64 facts. [ECF 77-1]. Defendants object to 16 of Plaintiff's facts for failing to conform with

LRCiv 56.1(a), and further object to 25 of Plaintiff's facts to the extent that Plaintiff does not rely on them to support its copyright claims. [*See generally* CSF].

### III. Material Facts Relied Upon by Plaintiff

Of Plaintiff's 39 alleged facts relied upon in support of its copyright claims, Defendants summarize is valid disputes of material fact below:

DISPUTED – Whether Plaintiff's relevant product designs or design features are unique or original. [CSF ¶¶ 78, 80].

DISPUTED – The nature and extent of Defendants' impact of Plaintiff's exclusivity in its product designs, if any. [SSF ¶ 42; CSF ¶¶ 77, 79].

DISPUTED – The nature, extent, and timeline of Defendants' knowledge of alleged infringement. [CSF ¶ 72].

DISPUTED – The amount, nature, extent, and classification of Plaintiff's alleged damages. [CSF ¶ 67-71].

DISPUTED – The amount, nature, extent, and classification of Defendants' alleged profits. [CSF ¶ 66].

### Issues Presented

**I.**   Has Plaintiff met its evidentiary burden to prove copyright infringement?

**II.**  Has Plaintiff met its evidentiary burden to prove copyright damages?

**III.** Is Summary Judgment *sua sponte* against Plaintiff's Lanham Act claims proper?

# Background

## I. A copyright must be valid before infringement can be established

To establish copyright infringement, a Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

### A. Copyrights are not presumed valid if registered long after publication

For a Plaintiff to acquire a *prima facie* presumption that its copyright registration is valid it must "secure[] a registration certificate within five years after publication" of its copyrighted product. 17 U.S.C. § 410(c). *Cosmetic Ideas, Inc. v. Iac/Interactivecorp.*, 606 F.3d 612, 619 (9th Cir., 2010).

### B. Copyrights are only valid for original elements of a work

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." Id. at 348. Whether individual components of a work are sufficiently original to be protected is a question of fact. *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC at *4 (D. Ariz., Dec. 14, 2012) (Order) (Campbell, J.)

## II. Copyright infringement damages are limited by Ninth Circuit jurisprudence

### A. Infringement prior to registration negates statutory damages

"Under 17 U.S.C. § 504(a) and (c), a copyright owner may elect to recover statutory damages instead of actual damages and any additional profits." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir., 2008) (*citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985).

However, title 17 U.S.C. § 412(2) "mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew* at 699 (precluding an award of attorneys' fees as well); *3 Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 n. 5 (9th Cir. 2004).

### B.     Ninth Circuit Case law mitigates recoverable profits and damages

"[A] copyright owner is entitled to recover [its] actual damages suffered . . . as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Polar Bear* 384 F.3d at 707. (citing 17 U.S.C. § 504(b)).

"In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove [its] deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Id*.

Further, proof of gross profits presented by a Plaintiff must establish a causal connection and should not be speculative. *See Id.* at 708.

### III.    **If a product design is copyrighted, Lanham Act claims likely don't apply**

#### A.     Asserting copyright claims precludes claims under the Lanham Act

"Section 43(a) of the Lanham Act prohibits actions like trademark infringement that deceive consumers and impair a producer's goodwill . . . [and] expressly prohibit[s]" . . . [activities] likely to cause confusion as to [the source] of goods." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32 (2003) (citing 15 U.S.C. § 1125(a)).

"The rights of a . . . copyright holder are part of a 'carefully crafted bargain,' under which, once the . . . copyright monopoly has expired, the public may use the . . . work at will and without attribution." *Dastar at 33-34 (quoting Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U. S. 141, 150-151 (1989)).

"Thus, in construing the Lanham Act, [Courts] have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright. *Dastar,* at 34 (*quoting TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U. S. 23, 29 (2001).

"Assuming for the sake of argument" that [a Defendant's] representation of itself [as a source of a copyrighted work] allow[s] a cause of action under §43(a) . . . would create a species of mutant copyright law that limits the public's 'federal right to copy and use' expired copyrights." *Dastar,* at 34 (quoting *Bonito Boats*, at 165).

### B.     Merely decorative designs do not function as trademark

"Subject matter that is merely a decorative feature does not identify and distinguish the applicant's goods and, thus, does not function as a trademark. A decorative feature may include . . . designs . . . [and] should be refused registration because it is merely ornamentation and, therefore, does not function as a trademark." Trademark Manual of Examining Procedure (TMEP) § 1202.03 (*citing* 15 U.S.C. §§ 1051-1052, 1127).

The United States Patent and Trademark Office routinely denies trademark applications comprising product design features. *See, e.g., In re Villeroy & Boch S.A.R.L.*, 5 USPQ2d 1451 (TTAB 1987) (floral pattern design of morning glories and leaves for tableware not distinctive and not shown to be other than decorative pattern

without trademark significance); see also TMEP §1202.3(f)(ii) (enumerating cases where the designs used on goods were held not to function as a mark).

## Legal Standard

### I. Local Rules of Civil Procedure

"Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each *material* fact on which the party *relies* in support of the motion." *Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, at *4 (D. Ariz., Mar. 6, 2018) (original emphasis) (citing LRCiv 56.1(a)). "Expositional facts have no place in a party's separate statement, which should be limited only to those factual assertions material to the disposition of the motion." *Id.* at *5 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### II. Summary Judgment against a Nonmovant

"Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law." *Hall v. Eads* No. CV-16-03855-PHX-JJT at *2 (D. Ariz., 2018) (Tuchi, J.) (Order) (internal citations omitted). "Under this standard, only disputes over facts that might affect the outcome of the suit under governing substantive law will properly preclude the entry of summary judgment." *Id.* (internal citations omitted). *"*A genuine issue of material fact arises only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal citations omitted).

"In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material." *Id.* (internal citations omitted).

### III. Summary Judgment *Sua Sponte* against a Movant

"After giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

The Ninth Circuit has "long recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir., 2014).

"Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a full and fair opportunity to ventilate the issues involved in the matter." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir.2003) (internal citations omitted).

"If the record is sufficiently developed to permit the trial court to consider summary judgment, and if the court finds that when viewing the evidence in the light most favorable to a moving party the movant has not shown a genuine dispute of fact on the issue of exhaustion, it may be appropriate for the district court to grant summary judgment *sua sponte* for the nonmovant on this issue." *Albino*, 747 F.3d at 1176 (*citing* 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2720, at 351–52 (3d ed. 1998) ("[T]he practice of allowing summary

judgment to be entered for the nonmoving party in the absence of a formal cross-motion is appropriate. It is in keeping with the objective of Rule 56 to expedite the disposition of cases....").

"Before sua sponte summary judgment against a party is proper, that party "must be given reasonable notice that the sufficiency of his or her claim will be in issue: Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Id.* (citation and internal quotation marks omitted).

## Argument

### I. Plaintiff's Separate Statement of Facts is procedurally defective

Defendants are compelled to object to roughly a quarter of Plaintiff's statement of facts for either asserting conclusions of law, argument, background information, multiple factually material statements per paragraph, or non-reliance by Plaintiff in its Motion for Summary Judgment. [*Compare* CSF *and supra* Legal Standard I]. Defendants' request that the Court not consider these statements in rendering a decision on Plaintiff's motion.

Defendants further object to roughly half of Plaintiff's statements of facts to the extent that Plaintiff does not rely on them in support of its argument for summary judgment on its copyright claims. [*Compare* CSF *and supra* Legal Standard I]. Defendants request that the Court not consider these statements in rendering a decision on Plaintiff's motion with respect its copyright claims, and further impress upon the Court the irrelevancy of such statements in support of Plaintiff's Lanham Act claims, which must fail as a matter of law. [*Compare* Legal Standard III *and* Argument IV].

## II. Plaintiff has not met its evidentiary burden to prove its copyright claims

### A. Plaintiff's copyright registrations cannot be presumed valid

Plaintiff's copyright certificates of registration each show publication dates of June 1, 2004 and registration dates of May 15, 2017. [CSF ¶ 70]. This thirteen-year delay is far outside the five-year maximum set by 17 U.S.C. § 410(c) to establish a *prima facie* case of validity. [*See supra* Background I.A]. Therefore, despite its certificates of registration, Plaintiff retains the burden to prove validity of its copyrights. [*Id.*].

### B. The originality of Plaintiff's copyright is a material disputed fact

Plaintiff admits that its product designs are "compositions" comprising elements that draw on many influences. [CSF ¶ 83]. These influences are readily available and accessible to potential furniture designers. [CSF ¶ 80]. Even Plaintiff's licensed dealers acknowledge that many of the thousands of furniture items that they have reviewed incorporate elements of Plaintiff's alleged copyright. [CSF ¶ 78].

Thus, there remains a valid, disputed question of material fact on this issue.

## III. Plaintiff has not met its evidentiary burden to prove copyright damages

### A. Plaintiff is statutorily prohibited from claiming statutory damages

It is an undisputed fact that Defendants' alleged infringement first occurred before Plaintiff's copyright registration dates. [CSF ¶ 68]. It is also an undisputed fact that Plaintiff's registration dates did not occur within three months after publication of its work. [*Id.* at ¶ 69].

Therefore, any statutory damages, including attorney's fees that Plaintiff might otherwise derive from a finding of copyright infringement, is not permitted here as a matter of law. [*Supra* Background II.A]. Plaintiff's damages under copyright law are thus

restricted to a combination of its demonstrable actual damages and Defendants' net profits, if any. [*Id*. at II.B].

### B. The amount of damages and profits is a material dispute in this case

Plaintiff merely speculates that Coyote Candle, its former customer, stopped purchasing its products due to Defendants' alleged infringement of its copyrighted products. [CSF ¶ 67]. Rather, Plaintiff's representative specifically states his opinion that Coyote Candle stopped doing business with Plaintiff due to being named in this case as a potential witness. [*Id.*]. A reasonable fact-finder could easily conclude that Plaintiff has not shown causality between Defendants' alleged infringement and the loss of its client—or at least recognize the issue is material and in dispute.

Likewise, the mere allegation that Plaintiff was intimidated by Defendants' lower priced product from increasing its own prices does not necessarily show causality and is at least a disputed material fact. [*Id.* at ¶¶50-54].

Further, Plaintiff's allegations that it is entitled to Defendants' gross profits completely ignores Defendants' validly deductible expenses.  [*Id*. ¶ 66].

## IV. Summary Judgment against Plaintiff on its Lanham Act claims is proper

### A. Plaintiff has had a fair opportunity to prove its case and failed

Plaintiff concedes that the design features of its copyright registrations were selected for "purely decorative and aesthetic purposes". [CSF ¶ 65]. Both Plaintiff and furniture retailers also admit that information that could identify Plaintiff to a consumer is intentionally withheld so that the end-consumer does not make purchasing decisions based on the manufacturer. [SSF ¶ 42; CSF ¶¶ 73, 77, 79].

As a matter of law, if Plaintiff's design features were in fact selected purely for reasons other than as a source identifier, they cannot function as a trademark, no matter what evidence is produced stating otherwise. [*Supra* Background III.B].

Further, Plaintiff has sold the products at issue since 2004, yet has not asserted facts or produced evidence that it has even attempted to secure federal trade dress protections for allegedly source identifying elements. [*Id*. at ¶ 74]. Neither has Plaintiff provided any license, contract, or demand letter that asserts Plaintiff's claim to own trade dress rights in the product designs. [*Id*. at ¶ 75].

Rather, from all appearances in the record, Plaintiff's allegations of Lanham Act protections emerge only in this civil action and seemingly for the purpose of tacking on damage enhancements and fees that would not otherwise be available through Plaintiff's primary legal theory of copyright infringement. [*Id*. at ¶ 76].

### B. Plaintiff is unable to prove its case as a matter of law

Defendants impress upon the Court that not only has Plaintiff failed to meet its burden to prove its Lanham Act claims, but that simultaneous recovery of both copyright and Lanham Act causes of action on the same product design or features is clearly prohibited by the Ninth Circuit jurisprudence. [*Supra* Background III.A]. Simply put, it would be incongruous pursuant to *Dastar*, as the two legal theories are entirely antithetical to one another—and any finding otherwise would be a "mutation" of copyright law. [*Id*.].

Plaintiff's summary judgment motion on "all claims" without asserting any legal theories in the alternative makes this issue particularly relevant to this case. For example, pursuant to a Rule 56(f) analysis, this Court may assume, *arguendo*, that the

interpretation of the evidence most favorable to Plaintiffs would at least result in a finding that Plaintiff's copyrights are valid and enforceable. [*See supra* Legal Standard III].

And if Plaintiff's copyrights were valid and enforceable, then Ninth Circuit jurisprudence would <u>prohibit</u> subsequently finding that Plaintiff's Lanham Act claims were enforceable—even if interpretation of the evidence most favorable to Plaintiff produced findings that they otherwise were. [*See Id*.]. Plaintiff's alleged facts and proffered evidence in support of either trade dress infringement or unfair competition claims is therefore irrelevant to this case.

## Conclusion

Because Plaintiff has not met its evidentiary burdens to prove elements or damages in either its copyright claims or its claims pursuant to the Lanham Act, this Court should deny its motion for summary judgment on all claims. Further, because the evidence—even when viewed most favorably for Plaintiff—nevertheless precludes any favorable judgment on its Lanham Act claims, *sua sponte* summary judgment against Plaintiff on these claims is warranted.

DATED this 7th of February 2019

By:   /Brandon J. Leavitt
Brandon James Leavitt
Texas Bar Number: 24078841

4204 SW Green Oaks Blvd. Suite 140
Arlington, TX 76017
Telephone: (214) 727-2055
brandon@dfwpatentlaw.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 7th day of February, 2019.

>Kenneth Harold Brendel
>Mangum Wall Stoops & Warden PLLC
>112 N Elden St.
>Flagstaff, AZ 86001
>928-779-6951
>Fax: 928-773-1312
>Email: kbrendel@mwswlaw.com

>Thomas E Dietrich
>Mangum Wall Stoops & Warden PLLC
>112 N Elden St.
>Flagstaff, AZ 86001
>928-779-6951
>Fax: 928-773-1312
>Email: tdietrich@mwswlaw.com

By: /Brandon J. Leavitt/
Brandon James Leavitt

**Attorney for Defendants**

**CERTIFICATE OF SERVICE**