1  Brandon James Leavitt (TX#24078841)
   Eldredge Law Firm
2  4204 SW Green Oaks Blvd. Suite 140
   Arlington, TX 76017
3  Telephone: (214) 727-2055
   brandon@dfwpatentlaw.com
4
    *Attorney for Defendants Trendily
5   Furniture LLC, et al.*

6           IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9   Jason Scott Collection Incorporated,          No. CV-17-02712-PHX-JJT

10          Plaintiff,                             **DEFENDANTS' SUR-REPLY IN
                                                   OPPOSITION TO PLAINTIFF'S
11  v.                                             MOTION FOR SUMMARY
                                                   JUDGMENT**
12  Trendily Furniture LLC, *et al.*

13          Defendants.

14

15      Defendants Trendily Furniture LLC, et al. ("Defendants") respectfully file this

16  Sur-Reply in response to Plaintiff's Reply and in opposition to Plaintiff's Motion for

17  Summary Judgment.

18                          **SUR-REPLY**

19  **The Scope of Defendants' Sur-reply is Limited to Further Discussion on *Dastar***

20      Although Defendants maintain that Plaintiff's Reply Brief misconstrues the

21  controverting statement of facts and citations to the record, as no new issues were raised,

22  Defendants reserve further discussion on the strength and relevancy of its cited evidence

23  for oral hearing.

    **DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MSJ**          **Page 1 of 4**

1    Defendants' reply brief does, however, raise new issues in its presentation of case

2    law pertaining to the proper application of *Dastar Corp. v. Twentieth Century Fox Film*

3    *19 Corp.* to Plaintiff's claims. [*Dastar Corp. v. Twentieth Century Fox Film 19 Corp.*,

4    539 U.S. 23 (2003)].

5    **Plaintiff's Reply Attempts to Distinguish *Dastar* from This Case**

6    Specifically, Plaintiff's reply brief recites the argument and authorities of the 9th

7    Circuit's unpublished decision in *Mercado*, asserting that *Dastar* is inapplicable in this

8    case because the disputed items are not "communicative product[s]". [*Mercado Latino,*

9    *14 Inc. v. Indio Prods., Inc., 649 Fed. Appx. 633 (9th Cir. 2016)*; *see generally*

10   ECF 82 Section III.A]. Plaintiff's argument continues by citing instances where copyright

11   law did not preclude Lanham Act claims. [ECF 82 Section III.A]. Therefore, this Sur-

12   reply is warranted to fully brief this issue.

13   Nevertheless

14   **9th Circuit Case Law Supports Applying *Dastar* to This Case**

15   Although Defendants admit that the 9th Circuit has drastically limited the scope of

16   *Dastar* over the years, the Supreme Court standard nevertheless remains applicable in

17   this case due to the distinctions drawn by other 9th Circuit cases that have relied on

18   *Dastar* to preclude Lanham Act claims. For example:

19   In *Slep-Tone Entm't Corp. v. Wired for Sound karaoke & DJ Servs., LLC*, the 9th

20   Circuit upheld the dismissal of a Plaintiff's trademark claims, arguing that trademark law

21   protects the "'good' whose 'origin' is material . . . rather than the creative content of the

22   product." [*Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845

23   F.3d 1246, 1250 (9th Cir., 2017) (*quoting Dastar*, 539 U.S. at 31)]. Pursuant to this

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MSJ**          **Page 2 of 4**

approach, *Slep-Tone* ruled that "[w]hen the claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires [courts] to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable under the Lanham Act." [*Id.* (*quoting Dastar* 539 U.S. at 34)].

In *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, the 9th Circuit upheld the dismissal of a Plaintiff's trademark claims, arguing that if enforcing a trademark would prevent a copyrighted aesthetic element from entering the public domain then the claim is barred by *Dastar* and other case law. [*See Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, DC. No. 2:06-cv-06229-FMC-MAN pg. 16 (9th Cir., 2011)]. *Fleischer* further states "a party may not assert a trademark infringement action against an alleged infringer if that action is essentially a substitute for a copyright infringement action [because t]o do so would be to circumvent the Copyright Act and allow trademark holders perpetual rights to exploit their creative work." [*Id*. at 15 (*quoting Dastar* 539 U.S. at 33)].

**The Facts of this Case Support Dismissal of Plaintiff's Lanham Act Claims**

Plaintiff's *Mercado* line of authorities do not consider the impact on Lanham Act claim preclusion where an unregistered trademark substantially comprises copyrighted, purely aesthetic features that neither function as a trademark nor are used as such by the Defendant. Rather, as demonstrated by the published opinions of both *Slep-Tone* and *Fleischer*, when the 9th Circuit has encountered this fact pattern it has held that the alleged infringement is more about copying the creative content of a product rather than confusing its actual origin—upholding *Dastar* and precluding claims under the Lanham Act.

1    Here, the facts asserted by the Parties in their briefs clearly establishes that the

2  issues in this case are inextricably tethered to the shared aesthetic content of the products

3  at issue, unused by either Party as a legitimate identification of source, and for which

4  recovery under the Lanham Act is improper, even if not precluded. [*See* ECF 80 Section

5  IV.A].

6

7  DATED this 27th of February 2019

8                                                                By: ____/Brandon J. Leavitt_____
                                                                      Brandon James Leavitt
9                                                                     Texas Bar Number: 24078841

10                                                                    4204 SW Green Oaks Blvd. Suite 140
                                                                      Arlington, TX 76017
11                                                                    Telephone: (214) 727-2055
                                                                      brandon@dfwpatentlaw.com
12
                                                                      **ATTORNEY FOR DEFENDANTS**
13

14

15

16

17

18

19

20

21

22

23

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MSJ**                                     **Page 4 of 4**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing

document has been forwarded to all counsel of record in accordance with the Federal

Rules of Civil Procedure on this the 27th day of February, 2019.

Kenneth Harold Brendel
Mangum Wall Stoops & Warden PLLC
112 N Elden St.
Flagstaff, AZ 86001
928-779-6951
Fax: 928-773-1312
Email: kbrendel@mwswlaw.com

Thomas E Dietrich
Mangum Wall Stoops & Warden PLLC
112 N Elden St.
Flagstaff, AZ 86001
928-779-6951
Fax: 928-773-1312
Email: tdietrich@mwswlaw.com

By: /Brandon J. Leavitt/
     Brandon James Leavitt

**Attorney for Defendants**

**CERTIFICATE OF SERVICE**