Kenneth H. Brendel (#019003)
Thomas E. Dietrich (#031299)
MANGUM, WALL, STOOPS & WARDEN, PLLC
100 N. Elden St.
Flagstaff, AZ 86001
Tel. 928.779.6951
kbrendel@mswlaw.com
tdietrich@mswlaw.com

*Attorneys for Plaintiff Jason Scott Collection, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection, Inc., an Arizona corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>Trendily Furniture, LLC, a Texas limited liability company; Trendily Home Collection, LLC, a Texas limited liability company; Rahul Malhotra, an individual; John Doe Corporations 1-10; and John Does 1-10,<br><br>                    Defendants. | Case No. 2:17-cv-02712-JJT<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY** |

     Plaintiff Jason Scott Collection, Inc. ("Jason Scott") opposes the motion by Defendants Trendily Furniture, LLC et al. ("Defendants") to file a surreply in the pending summary judgment proceedings for the following three reasons.

     *First*, Defendants' concurrent motion to file a surreply and actual filing thereof is improper. "Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express leave of the Court." *Jensen v. EXC, Inc.*, No. CV-

15-08019-PCT-SPL, 2017 WL 6523446, at *2 (D. Ariz. Sep. 22, 2017); *see also Millenium 3 Techs. v. ARINC, Inc.*, No. CV 08-1257-PHX-JAT, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008). By filing a motion to file surreply and the surreply together, a party has "essentially filed a Surreply without first obtaining leave of this Court to do so." *Millenium*, 2008 WL 4737887 at *2. Such a surreply is therefore improper. *Id*.

Second, Defendants' motion should be denied because there are no "exceptional or extraordinary circumstances warranting a surreply." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010). "[C]ourts will not allow surreplies except in the most extraordinary circumstances." *Id*; *see also ML Liquidating Trust v. Mayer Hoffman McCann P.C.*, No. 2:10-cv-02019-RRB, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011). "Surreplies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims*, 2010 WL 5364783 at *8. As described in *ML Liquidating*, a surreply is appropriate when a moving party "raises new issues or new evidence in a reply brief." 2011 WL 10451619 at *1. However, where that party merely makes an argument in its reply brief that is *responsive* to an argument made in the non-moving party's opposition, there are no "extraordinary circumstances" warranting leave to file a surreply. *Id*. (explaining that, in cases that permitted a surreply, "entirely new *issues* were raised in the reply brief, not merely a responsive argument, as is the case here."). Jason Scott made its argument regarding *Dastar* and *Mercado* in response to Defendants' *Dastar* argument raised in their opposition brief. Defendants purported in their brief to be relying on "Ninth Circuit jurisprudence." Though they did not actually cite any, they could have if they had chosen to do so at that time. Their failure is no excuse to allow a surreply where Jason Scott's reply did not raise either a new issue or new evidence.

Third, the motion to file surreply should be denied because the surreply is not of help to deciding the matter at hand. *See Jensen*, 2017 WL 6523446 at *2 (denying motion

on that basis). The first case cited by Defendants, *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Serv., LLC*, 845 F.3d 1246 (9th Cir. 2017), fully supports Jason Scott's position. In that case, the plaintiff "alleges possible confusion over the source *of content*," consisting of karaoke soundtracks. *Id*. at 1249 (emphasis added). The Ninth Circuit specifically found the plaintiff's claim did not concern a "tangible good." *Id*. at 1250. "Instead, Defendants make allegedly unauthorized use of the *content* of Plaintiff's karaoke tracks, which *Dastar* precludes as a trademark claim." *Id*. That is exactly in line with the holding in *Mercado*—that *Dastar* bars trademark claims based on copying of content but does not bar claims based on copying of tangible goods. [*See* Doc. 82 at 7-8]

The second case Defendants cite is *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.* In Defendants' surreply, one wonders why they chose not to provide the Federal Reporter citation for this case. [Doc. 84 at 3] **Apparently, they did so to conceal that the opinion they cited was withdrawn and superseded by a later Ninth Circuit opinion.** *See Fleischer*, 636 F.3d 1115 (9th Cir. Feb. 23, 2011), *opinion withdrawn and superseded by* 654 F.3d 958 (9th Cir. Aug. 19, 2011). Defendants cite the first *Fleischer* opinion, which did refer to *Dastar* as barring a trademark claim over a copyrighted image of Betty Boop that was in the public domain. 636 F.3d at 1124. But Defendants fail to inform the Court that the language they cite was superseded in its entirety by the second *Fleischer* opinion—which does not mention *Dastar* anywhere. *See* 654 F.3d 958. Rather, in the second *Fleischer* opinion, the Ninth Circuit held the plaintiff could have asserted a trademark claim regarding the image of Ms. Boop, if it had been able to show secondary meaning. *Id*. at 967. Not only have Defendants overtly tried to mislead the Court in their surreply, their cases fully support Jason Scott's positions.

For these three reasons, Jason Scott respectfully requests that the Court deny Defendants' motion for leave to file a surreply.

/ / /

1

RESPECTFULLY SUBMITTED this 27th day of February, 2019.

2

3

By /s/ Thomas E. Dietrich

4

Kenneth H. Brendel
Thomas E. Dietrich
Mangum, Wall, Stoops & Warden, PLLC
100 N. Elden St.
Flagstaff, AZ 86001

5

6

7

*Attorneys for Plaintiff Jason Scott Collection, Inc.*

8

9

I hereby certify that on February 27, 2019, I electronically submitted the attached

10

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

11

Notice of Electronic Filing to the following CM/ECF registrant:

12

Brandon Leavitt
Eldredge Law Firm
4204 SW Green Oaks Blvd., Ste. 140
Arlington, TX 76017
tel. 214.727.2055
brandon@dfwpatentlaw.com

13

14

15

16

*Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26