**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Scott Collection Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Trendily Furniture LLC, *et al.*,<br><br>Defendants. | No. CV-17-02712-PHX-JJT<br><br>**ORDER** |

At issue is Defendants' Rule 59(e) Motion to Alter or Amend Judgment (Doc. 133), to which Plaintiff filed a Response in opposition (Doc. 134). Also at issue is Plaintiff's Application for Award of Attorneys' Fees and Related Non-Taxable Costs (Doc. 132), which Defendants did not oppose.

**I.      Defendants' Motion to Alter or Amend Judgment**

"Amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.* Nonetheless, the Ninth Circuit defined several grounds which a Federal Rule of Civil Procedure 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is

necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*

After holding a bench trial in this case on June 23 and 24, 2020 (Docs. 115–16, 122–23), the Court entered an Order detailing its Findings of Fact and Conclusions of Law on March 9, 2021 (Doc. 129). Defendants now argue that the Court committed manifest error in its Order by stating that Defendants resisted compliance with the Court's prior Order directing Defendants to destroy the remaining infringing furniture pieces. The Court's finding was based on Defendants' intransigence in avoiding destruction of the infringing pieces and mischaracterizing what "destroy" means, as evidenced by the parties' briefs on the matter (Docs. 126–28). And this was just one of the facts the Court relied on to find that, viewing the circumstances in their totality, this case was an "exceptional case" warranting an award of reasonable attorneys' fees to Plaintiff under 15 U.S.C. § 1117(a). The Court found that the evidence was clear that Defendants knew who Plaintiff was when they copied Plaintiff's trade dress, the copying was intentional, and Defendants continued selling infringing pieces even after receiving two cease-and-desist letters. Defendants have not convinced the Court that it erred in its finding that Defendants resisted compliance with the destruction Order, let alone erred manifestly, and the Court would have concluded this was an "exceptional case" even without evidence that Defendants attempted to circumvent compliance with the Court's destruction Order.

Defendants next argue that the Court erred in finding they intended to profit from Plaintiff's goodwill by copying the look of Plaintiff's furniture. A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 485 n.5 (2008). Defendants' Motion simply rehashes arguments and evidence the Court considered in reaching its decisions after the bench trial; indeed, much of the evidence Defendants now re-ask the Court to rely on the Court already found not credible.

As the Court detailed in its Order (Doc. 129), the credible evidence clearly showed Defendants intentionally copied the trade dress of Plaintiff's furniture for the purpose of capitalizing on Plaintiff's goodwill, and the Court will not repeat its analysis here.

Finally, Defendants ask the Court to consider new evidence, by way of an affidavit, they argue is probative to a finding that one of Plaintiff's customers—Coyote Candle—did not stop purchasing Plaintiff's furniture on account of Defendants' infringement. Defendants do not even begin to show that they could not have proffered this evidence before or at trial, and the Court declines to consider the evidence for this reason alone. *See id.*; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 833 (9th Cir. 2000). Considering such evidence now would present myriad problems, including with regard to the admissibility of the evidence and the lack of an opportunity for Plaintiff to cross-examine the affiant. In its Order (Doc. 129), the Court detailed the admissible and reliable evidence that led the Court to conclude that Plaintiff lost the Coyote Candle business because of Defendants' infringement. For all these reasons, the Court will deny Defendants' Motion to Alter or Amend Judgment (Doc. 133).

## II.     Plaintiff's Application for Attorneys' Fees and Costs

The Court already determined that Plaintiff is entitled to its reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a). (Doc. 129 at 16.) Plaintiff has now submitted its Application for those fees and costs in compliance with Local Rule 54.2 and Federal Rule of Civil Procedure 54(d)(2), and Defendants filed no objection as they were entitled to do under Local Rules 54.2(b)(3) and (f). The Court has now reviewed the Application (Doc. 132) in detail and finds Plaintiff has demonstrated that the requested award is reasonable under the factors enunciated in Local Rule 54.2(c)(3) and that Plaintiff supported the request with the required documentation under Local Rules 54.2(d) and (e). Accordingly, the Court will award Plaintiff the amounts requested, namely, $132,571.50 in reasonable attorneys' fees and $3,904.04 in non-taxable costs.

**IT IS THEREFORE ORDERED** denying Defendants' Rule 59(e) Motion to Alter or Amend Judgment (Doc. 133).

**IT IS FURTHER ORDERED** granting Plaintiff's Application for Award of Attorneys' Fees and Related Non-Taxable Costs (Doc. 132). Plaintiff Jason Scott Collection, Inc. is awarded attorneys' fees in the amount of $132,571.50 and non-taxable costs in the amount of $3,904.04.

Dated this 29th day of October, 2021.

Honorable John J. Tuchi
United States District Judge